Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

FILED
2024 DEC 2 PM 3:49
CLERK
U.S. DISTRICT COURT

Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *See* Rule 5(d)(4).

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON.<br><br>       Defendant. | Case No.<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY RELIEF**[1]<br><br>[*See* **28 U.S.C. § 2201(a) & Rule 57**][2]<br><br>**JURY DEMANDED** |

Case: 4:24−cv−00096
Assigned To : Kohler, Paul
Assign. Date : 12/2/2024
Description: Brown V. Williamson

Clinton Brown ("Plaintiff") for his Complaint against Sherrie Williamson ("Defendant"), alleges as follows:

### I. NATURE OF ACTION

1.      This action arises under common law breach of contract. Plaintiff seeks relief for breach of contract involving a solar energy project in Utah. *See* California Civil Code § 1549 & 1550. Plaintiff has suffered substantial damages due to Defendant's failure to fulfill its payment obligations under the contract. *See* California Civil Code § 3300, 3301 & 3302.

### II. JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1332(a). This case is a civil action, the amount in controversy exceeds $75,000, and the parties are citizens of California and Texas, respectively.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and property in Millard County, Utah, central to the case, occurred within this District.

---

[1] A request is not a motion. *See* DUCivR 3-5.
[2] *See also*, Notes of Advisory Committee on Rules—1937.

### III. STANDING

4. Plaintiff has standing to bring this action as required by Article III of the U.S. Constitution. Plaintiff has suffered concrete financial harm due to Defendant's failure to honor the terms of their contract. Plaintiff's injury is directly caused by Defendant's actions, and this harm can be redressed by the relief requested, including but not limited to, damages with interest and declaratory relief.

### IV. PARTIES

5. Plaintiff: Clinton Brown resides at 1431 Ocean Avenue, Unit 413, Santa Monica, California 90401.

6. Defendant: Sherrie Williamson resides at 190 E Hospital Drive, Angleton, Texas 77515. She is the owner of APN's 8729 & 8209 in Millard County, Utah, which are involved in the contract.

### V. FACTUAL ALLEGATIONS

7. April 18, 2023: Plaintiff and Defendant entered into an Exclusive Agreement for Finding a Power Income Contract for Landowner, under which Plaintiff, would receive 20% of all payouts from the Power Income Contract. ("PIC"). *See* Exhibit 1.

8. September 1, 2023: Plaintiff and Defendant (with Defendants' attorney's approval) amended the agreement, reducing Plaintiff's payout from 20% to 5% of all payouts, with all other terms remaining unchanged. *See* Exhibit 2.

9. On or around May 16, 2024: Defendant received the first payout related to the solar project but did not payout the 5% owed to Plaintiff. *See* Exhibit 3.

10. June 18, 2024: Plaintiff sent an email to Defendant requesting the contractual payment of the 5% distribution from the Samsung Rooh Project LLC, as outlined in their amended agreement.

11. On the same day, Plaintiff sent the first invoice to Defendant, requesting payment of the 5% distribution owed from the Samsung Rooh Project LLC solar project. Over the following

months, Plaintiff sent multiple demands to Defendant regarding the unpaid invoices, including, but not limited to:

- June 18, 2024, Invoice sent.
- June 28, 2024, Auto reminder sent.
- June 29, 2024, Invoice viewed.
- June 30, 2024, Reminder sent.
- July 1, 2024, Final auto reminder sent.
- August 22, 2024, Additional reminder sent.
- October 18, 2024, Final reminder sent.

12. July 1, 2024: Plaintiff formally notified Defendant of non-compliance with the contract via email and postal mail and demanded payment.

13. Despite repeated efforts to notify Defendant of the outstanding payment obligation and the terms of the contract, Defendant has failed to make the required payments and thus this Federal lawsuit.

## VI. LEGAL CLAIM

### COUNT I: Common Law Breach of Contract

16. Plaintiff produced a solar contract to the Defendant that she signed. *See* Exhibit 3.

17. Defendant breached the contract by failing to pay Plaintiff the 5% monetary distributions as agreed. *See* Exhibit 2.

18. Plaintiff is suffering substantial financial damage due to Defendant's failure to fulfill its payment obligations under the contract, as well as, lost opportunities resulting directly from Defendant's breach.

19. Plaintiff is <u>entitled</u> to compensatory damages with interest, for this breach, which directly caused the Plaintiff's financial harm. *See* California Civil Code § 3300, 3301 & 3302.

## VII. REQUEST FOR DECLARATORY RELIEF

20. In 1934, Congress authorized Federal declaratory relief in the passage of the Declaratory Judgement Act. The Declaratory Judgement Act embraces both constitutional and

prudential concerns. A lawsuit seeking Federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-240 (1937). It must also fulfill statutory jurisdictional prerequisites. *Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 672 (1950). See also, *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

21. "[W]hether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. See *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941). See also, *Medimmune, Inc. v. GenenTech, Inc.*, 549 U.S. 118, 127 (2007).

22. Declaratory relief is necessary to determine the rights and obligations of the parties under the amended contract and to enforce Defendant's payment obligations. In this case, although discretionary, it is appropriate *prima facie* to issue declaratory relief for the parties to ensure the just, speedy, and inexpensive determination of this action. *See* Rule 1.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendant is obligated to pay Plaintiff under the terms of the amended contract, as governed by California law;

2. Enter judgment in favor of Plaintiff in the amount of $891,925.20, plus pre-judgment and post-judgment interest, costs, and any other relief the Court deems just and proper;

3. Issue an order pursuant to 28 U.S.C. § 1963 allowing Plaintiff to register the judgment in any other Federal district court for enforcement, should Defendant fail to satisfy the judgment;

4. Grant Plaintiff any further relief deemed necessary or appropriate under 28 U.S.C. § 2202 to enforce this Court's judgment.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all claims so triable.

Dated: November 28, 2024                    */s/ Clinton Brown, Self-Represented* [3]
                                                                                                     1431 Ocean Ave, Unit 413
                                                                                                     Santa Monica, CA 90401
                                                                                                     clinton@atlasinc.solar
                                                                                                     310-775-7990

CC: All Counsel of Record (via ECF) on November 28, 2024

---

[3] "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746