**BARNEY MCKENNA & OLMSTEAD, P.C.**
M. ERIC OLMSTEAD - 7591
ZACHARY N. SNIPE - 18548
43 South 100 East, Suite 300
St. George, Utah 84770
Telephone: (435) 628-1711
Fax: (435) 628-3318
E-mail: eric@bmo.law
E-mail: zach@bmo.law
*Attorneys for Defendant Sherrie Williamson*

**Johnson & Associates Attorneys at Law, PLLC**
Christopher L. Johnson - *Pro hac vice admittance pending*
Richard L. Gorman - *Pro hac vice admittance pending*
303 East Main Street, Suite 100
League City, Texas 77573
Telephone: 281-895-2410
Email: chris@johnson-attorneys.com
Email: richard@johnson-attorneys.com
*Attorneys for Defendant Sherrie Williamson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>       Defendant. | **RULE 12(b)(6) MOTION TO DISMISS ALL CLAIMS**<br><br>Case No. 4:24-cv-00096<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sherrie Williamson seeks to dismiss Plaintiff Clinton Brown's claims for breach of contract and declaratory relief because he (1) lacks the requisite standing to bring the claims, and (2) fails to

state a claim upon which relief can be granted. In support of her motion, Defendant Sherrie Williamson respectfully shows:

### I.

### SUMMARY OF ARGUMENT

Plaintiff alleges one claim in his Complaint for breach of contract. He also seeks a declaration that Defendant Sherrie Williamson is obligated to pay the Plaintiff under the applicable contract. Attached to his Complaint is what the Plaintiff claims is the contract he has with Defendant Sherrie Williamson. This is the contract upon which he is suing. A careful review of the contract attached to the Plaintiff's Complaint reveals that the contract is only between Atlas, Inc. and Sherrie Williamson, as landowner. As expressly stated in the contract, Atlas, Inc., and not Clinton Brown: (1) is authorized to seek a Power Income Contract; (2) agrees to seek a Power Income Contract in good faith; (3) will receive payouts as outlined in the agreement; and (4) agrees to protect private information. The agreement is signed by Clinton Brown, but he signed the contract solely in the capacity as CEO of Atlas, Inc. Clinton Brown, individually, is not a signatory to the contract, nor is he stated as being a party to the contract. As a non-party to the contract, Clinton Brown does not have standing to sue on the contract. Further, under California law, the law chosen to apply to the contract, Plaintiff cannot enforce the contract as a third-party beneficiary because the contract does not expressly state a clear intention in writing that confers a separate and distinct benefit on Clinton Brown in an individual capacity. Lastly, as a non-party to the contract, and as an individual that lacks third-party beneficiary status, Plaintiff cannot seek declaratory relief because he does not have the requisite standing.

## II.

## FACTUAL BACKGROUND

Plaintiff Clinton Brown alleges a cause of action for breach of contract involving a solar energy project in Utah. [Dkt. No. 1 at p. 3]. In terms of factual assertions, Plaintiff alleges that he, as Plaintiff, entered into an exclusive agreement to find a Power Income Contract for the landowner, Sherrie Williamson. [*Id*. at p. 2]. Under this claimed contract, he alleges that he, as Plaintiff, would receive a commission of 20% (reduced by amendment to 5%) of all payouts from the Power Income Contract sought out by Plaintiff and agreed to and signed by Defendant landowner. [*Id*.]. To support his factual allegations, Plaintiff attaches as Exhibit 1 to the Complaint a copy of what he claims is the initial contract he has with Sherrie Williamson. [Dkt. No. 1-2]. Plaintiff next alleges that the exclusive agreement he had with Defendant Sherrie Willaimson to find a Power Income Contract was later amended to reduce the payout to him from 20% to 5% of all payouts from a Power Income Contract agreed to and signed by the Defendant. [Dkt. No. 1 at p. 2]. To support this factual allegation, Plaintiff attaches as Exhibit 2 to the Complaint what he claims is a copy of the amended contract. [Dkt. No. 1-3]. Plaintiff then alleges that despite the Defendant receiving payouts under the solar project, he has made demand for, but has not received any of the 5% payouts to which he claims he is entitled under his contract with the Defendant. [Dkt. No. 1 at p. 2]. He further alleges that the failure of Defendant to pay money to him has necessitated the need for him to file this lawsuit. [*Id*. at p. 3].

Contrary to Plaintiff's allegation that he had a contract with Defendant Sherrie Williamson, he did not. According to Exhibit 1 attached to the complaint, which Plaintiff alleges is a true and correct copy of the initial contract he had with the Defendant, he is not a party to the contract. The

top of the document states ATLAS, and then states Clinton Brown, CEO.[1] The contracting persons to the contract are stated as "Atlas, Inc. ("Atlas") and Landowner ("Owner")." [Dkt. No. 1-2]. The authority section of the contract states that the exclusive agreement "authorizes Atlas to seek a Power Income Contract for the owner to negotiate." [*Id.*]. Under duties, "Atlas, in good faith, is to seek a Power Income Contract for the landowner to review, and if acceptable, sign." [*Id.*]. Under payouts, "Atlas" was to receive 20% (amended to 5%) of all payouts from a signed Power Income Contract. [*Id.*]. In terms of privacy, "Atlas agreed to protect private information." [*Id.*]. Lastly, the exclusive agreement is signed for Atlas, Inc. by Clinton Brown solely in his stated capacity as CEO of Atlas, Inc. [*Id.*].

Exhibit 2 to Plaintiff's complaint is claimed to be an amendment to the original exclusive agreement. [Dkt. No. 1-3]. The only change is to reduce the payout to Atlas from 20% of all payouts to 5% of all payouts. [*Id.*]. The amended agreement expressly states that the amendment only supersedes the prior agreement in regard to the payout provision, with all other terms to remain the same. [*Id.*]. The amendment again is signed for Atlas, Inc. by Clinton Brown solely in his stated capacity as CEO of Atlas, Inc. [*Id.*]. In addition to asserting a claim for breach of contract, Plaintiff seeks a declaration that Defendant is obligated to pay Plaintiff Clinton Brown under the terms of the amended contract. [Dkt. No. 1 at pp. 3-4].

### III.

### STANDARD OF REVIEW

A court should grant a motion to dismiss under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief,

---

[1] *See* Dkt. Nos. 1-2 and 1-3. In this context, CEO has to mean Chief Executive Officer of the corporation, Atlas, Inc.

accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). As was stated by the United States Supreme Court:

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must provide facts that support his claim, which requires more than simply an unadorned, the plaintiff unlawfully harmed me, accusation. *Id*. at 678. A pleading that simply offers labels and conclusions, naked assertions devoid of factual enhancement, or a formulaic recitation of the elements of a cause of action, does not work. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Generally, a court considers only the contents of a complaint when ruling on a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, "a court may look both to the complaint itself and to any documents attached as exhibits to the complaint" when deciding the motion. *Id*., citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Because the Plaintiff has filed a *pro se* Complaint, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). Even so, the *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For example, a *pro se* plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). When a *pro se* plaintiff has filed a lawsuit, a court can make allowances for the *pro se* plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nevertheless, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

## IV.

## **ARGUMENT**

As has been outlined in detail above, the claimed contract at issue in the Plaintiff's Complaint is between Atlas, Inc. and Sherrie Williamson, as landowner. Clinton Brown's only involvement in the contract is signing the agreement <u>solely</u> in his stated capacity as CEO of Atlas, Inc. He is not a named party in the contract, nor did he sign the agreement in his individual capacity. Consequently, Clinton Brown, as a non-party to the contract, does not have the requisite standing to bring a lawsuit for breach of contract or declaratory relief in his name. Further, under the facts pleaded in the Complaint, and more specifically, in the actual contract documents attached to the Complaint, Clinton Brown, under California law, is not a third-party beneficiary to the contract that would allow him to continue to pursue a breach of contract claim and seek declaratory relief as a third-party beneficiary. Each of the foregoing issues is discussed below in detail.

**A. Plaintiff does not have Standing to bring the Lawsuit.[2]**

This action must be dismissed because Plaintiff Clinton Brown lacks prudential standing to bring the claims he asserts against Defendant Sherrie Williamson.[3] The Plaintiff lacks standing because the contract attached to the Plaintiff's Complaint establishes that Clinton Brown is not a party to the contract.[4] The contracting party is Atlas, Inc. because: (1) Atlas, Inc. is expressly stated as a party to the contract; and (2) the Plaintiff signed the contract on behalf of Atlas, Inc. as the corporation's CEO. The Plaintiff did not sign the contract in his individual capacity.

Importantly here, the prudential standing doctrine mandates that a plaintiff can only assert his own legal rights and interests. As such, the doctrine prevents a plaintiff from "rest[ing] his claim to relief on the legal rights or interests of third parties." *Wilderness Soc'y*, 632 F.3d at 1168, quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975). When a plaintiff lacks prudential standing, a court has no choice but to dismiss the action. *Id*. at 1170-74 (case remanded for dismissal for lack of prudential standing). Signing a contract or performing actions on behalf of a corporation is not

---

[2] The standing issue here is prudential standing, which is analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) of the Federal Rules of Civil Procedure because prudential standing "does not implicate subject-matter jurisdiction." *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229-30 (10th Cir. 2021); *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017).

[3] Standing can be used to describe either: (1) Article III standing, or a court's power to hear a case; or (2) prudential standing, which are judicial limits imposed by the Supreme Court on a court's exercise of its power. *Wilderness Soc'y v. Kane Cnty. Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011). In the Tenth Circuit, a court need not reach the question of constitutional standing if it finds the plaintiff lacks prudential standing. *VR Acquisitions, LLC*, 853 F.3d at 1146, n. 3; *Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006).

[4] The general rule in both California and Utah is that an individual or entity that is not a party to a contract may not sue to enforce the terms of the contract. *Gantman v. United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566, 284 Cal. Rptr. 188 (1991); *Windham at Carmel Mountain Ranch Assn. v. Superior Ct.*, (2003) 109 Cal. App.4th 1162, 1172 n. 10, 135 Cal. Rptr. 834; *Novelposter v. Javitch Canfield Group*, 2014 U.S. Dist. LEXIS 156268 at **18-19 (N.D. Cal. Nov. 4, 2014)(discussing cases)(California); *Holmes Dev., LLC v. Cook*, 2002 UT 38, 48 P.3d 895, 908 (Utah 2002); *Premier Sleep Sols., LLC v. Sound Sleep Med., LLC*, 2021 U.S. Dist. LEXIS 63002 at **29-30 (D. Utah March 30, 2021)(Utah).

enough of a direct and personal interest to provide a plaintiff with prudential standing. *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013). Because the contract attached to Plaintiff's Complaint, the contract that is at issue in the case, establishes that Clinton Brown is not a party to the contract sued upon, the action must be dismissed for Plaintiff's lack of prudential standing. *Wilderness Soc'y*, 632 F.3d at 1168; *see also Webster v. Saia LTL Freight*, 2024 U.S. Dist. LEXIS 56574 at **2-4 (D. Utah, Central Div. March 7, 2024)(plaintiff lacked prudential standing because he was not a party to the contract sued upon)(citing cases).

### B. Plaintiff is not a Third-Party Beneficiary to the Contract.

The contract attached to Plaintiff's Complaint establishes that the Plaintiff is not a party to the contract. For this reason, he cannot bring suit on the contract because he lacks prudential standing. As a non-party to the contract, the only remaining way for Plaintiff Clinton Brown to maintain a lawsuit on the contract is if he can establish that he is a third-party beneficiary to the contract. As will be discussed in detail below, the Plaintiff is not a third-party beneficiary to the contract, so he lacks standing to bring a third-party beneficiary lawsuit.[5] Because the Plaintiff is not a party or third-party beneficiary to the contract, his claims against Defendant Sherrie Williamson must be dismissed.

Third-party beneficiary status requires a plaintiff to allege a personal stake in the outcome of a controversy to warrant his invocation of federal court jurisdiction, and thus justify the exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In

---

[5] In a diversity case, which is Plaintiff's alleged basis of jurisdiction here, his third-party beneficiary status is determined by looking to the law of the state which applies to the case. *Bevill Co. v. Sprint/United Mgmt. Co.*, 77 Fed. Appx. 461, 462 (10th Cir. 2003). Here, the claimed agreement at issue has a choice of law provision calling for the application of California law. For this reason, California cases (state and federal), in addition to those from the United States Supreme Court, are being cited here to address the standing issue.

8

other words, "[s]tanding addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In California, a third-party beneficiary may enforce a contract "made expressly for its benefit." Cal. Civ. Code § 1559; *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 524, 117 Cal. Rptr. 2d 220, 41 P.3d 46 (2002).[6] In order to bring a lawsuit as a third-party beneficiary in California, the individual asserting third-party status must establish: (1) that he is likely to benefit from the contract; (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party; and (3) that permitting the third-party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. *See, e.g. Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022), citing *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830, 243 Cal. Rptr. 299, 434 P.3d 124 (2019). "All three (3) elements must be satisfied to permit the third-party action to go forward." *Goonewardene*, 6 Cal. 5th at 830. Since the Plaintiff cannot satisfy any of the three (3) elements, nonetheless all of them, his lawsuit must be dismissed because he cannot enforce the contract as a third-party beneficiary.[7]

Under the first prong of the *Goonewardene* test, a third party must establish that he likely in fact would benefit from the contract. 6 Cal. 5th at 830. It is not enough that the third party only

---

[6] "The standard to achieve third party beneficiary status is a high one." *Stasi v. Immediata Health Grp. Corp.*, 501 F.Supp.3d 898, 920 (S.D. Cal. 2020).

[7] "Although disputes regarding purported third-party beneficiaries may in some circumstances be questions of fact, dismissal at the pleading stage is appropriate where it is clear from the terms of the contract and the circumstances alleged in the complaint that the plaintiff [is] not a third-party beneficiary." *City of Oakland v. Oakland Raiders*, 2019 U.S. Dist. LEXIS 124465, 2019 WL 3344624 at *44 (N.D. Cal. July 25, 2019); *Partners All. Corp. v. Ally Bank*, 2024 U.S. Dist. LEXIS 195653 at *13 (S.D. Cal. October 28, 2024).

9

incidentally or remotely benefit from the contract. *Id.* Here, the contract attached to the Plaintiff's Complaint states that the 5% commission is to be paid to Atlas, Inc. While this may incidentally benefit the Plaintiff as the stated CEO of Atlas, Inc., that incidental benefit is not enough of a benefit to him to satisfy prong one of the *Goonewardene* test.[8] *Ngo*, 23 F.4th at 946-47; *Ralls v. BMW of N. Am., LLC*, 2023 U.S. Dist. LEXIS 141905 at *6 (C.D. Cal. August 14, 2023).

Under the second prong of the *Goonewardene* test, a motivating purpose of the contracting parties must be to provide a benefit to the third party--in this case, Plaintiff Clinton Brown. 6 Cal. 5th at 830.[9] The short and succinct contract attached to the Plaintiff's Complaint conveys no such motivation. The motivating purpose of the agreement is to pay a 5% commission to Atas, Inc., and not to the Plaintiff. Accordingly, prong two of the *Goonewardene* test is not satisfied. *Ngo*, 23 F.4th at 946-47; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at *6.

Under the third prong of the *Goonewardene* test, permitting the third party to enforce the contract must be consistent with the objectives of the contract and the reasonable expectations of the contracting parties. *Goonewardene*, 6 Ca. 5th at 830. For a court to make this determination, it should focus on the language of the contract and all the relevant circumstances under which the contract was entered into to determine if third party enforcement will effectuate the contracting

---

[8] Third parties that benefit from the contract only incidentally or remotely may not enforce it. *LaBarbera v. Sec. Nat. Ins. Co.*, (2022) 86 Cal. App. 5th 1329, 1340-41, 303 Cal. Rptr. 256, 265, citing *Harper v. Wausau Ins. Co.*, (1997) 56 Cal.App.4th 1079, 1086, 66 Cal. Rptr. 2d 64. "The fact that [the third party] is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions." *LaBarbera*, 86 Cal. App. 5th at 1341, quoting *Eastern Aviation Group, Inc. v. Airborne Express, Inc.* (1992) 6 Cal. App. 4th 1448, 1452, 8 Cal. Rptr. 2d 355.

[9] The phrase "motivating purpose" was intended to "clarify that contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract." *Goonewardene*, 6 Cal. 5th at 830; *see also Ngo*, 23 F.4th at 947.

parties' performance objectives. *Id*. at 830-31. Here, nothing in the contract manifests any objective or expectation that the contract provisions apply to any third party, nonetheless the Plaintiff. Atlas, Inc. is the only named party on the contract with Sherrie Williamson. Plaintiff Clinton Brown is not named on the contract, and he signed the contract only is the capacity as CEO of Atlas, Inc. The authority section of the contract states that the exclusive agreement authorizes only Atlas to seek a Power Income Contract for the owner to negotiate. Under the duties section of the contract, only Atlas, Inc., in good faith, is to seek a Power Income Contract for the landowner to review, and if acceptable, sign. Under payouts, only Atlas, Inc., and not the Plaintiff, is to receive 20% (amended to 5%) of all payouts from a signed Power Income Contract. In terms of privacy, only Atlas, Inc. is the party that has agreed to protect private information. Because the contract attached to Plaintiff's Complaint speaks solely to the rights and obligations of Atlas, Inc., the only reasonable expectation is that the contract is for the benefit of Atlas, Inc. For this reason, Plaintiff cannot satisfy the third prong of the *Goonewardene* test. 6 CA. 5th at 830; *see also Ngo*, 23 F.4th at 948-49; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at **6-8.

Because Plaintiff Clinton Brown cannot satisfy any of the three (3) prongs from the *Goonewardene* test, nonetheless all three, which is what is mandated, he cannot establish third-party beneficiary status under California law, and his claim against Defendant Sherrie Williamson must be dismissed. *See, e.g. Sherman v. Pepperidge Farm, Inc*., 2023 U.S. Dist. LEXIS 75684 at **8-12 (C.D. Cal. April 28, 2023)(dismissal warranted where plaintiff failed to meet any of the three (3) *Goonewardene* factors); *City of Oakland*, 2019 U.S. Dist. LEXIS 124465 at ** 43-52 (same).[10]

---

[10] The result would be the same under Utah law. *See, e.g. CounselNow, LLC v. Deluxe Small Bus. Sales Inc*., 430 F.Supp.3d 1247, 1256-57 (D. Utah 2019)(dismissal appropriate where plaintiff was not a party to the contract, where the contract was not undertaken for the direct benefit of the

### C. Declaratory Relief not Available

A federal court exercising diversity jurisdiction applies federal law in assessing whether to issue a declaratory judgment. *LBG Ogden Five Points v. Ridley's Fam. Mkts*., 2022 U.S. Dist. LEXIS 6886 at *8 (D. Utah, Central Div. January 12, 2022)(citations omitted). Remedies under the Declaratory Judgment Act are confined to a "case or controversy." 28 U.S.C. § 2201; *Kunkel v. Cont'l Cas. Co*., 866 F.2d 1269, 1273 (10th Cir. 1989). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941); *Surefoot LC v. Sure Foot Corp*., 531 F.3d 1236, 1244 (10th Cir. 2008). "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 244 (1952). "In a justiciable declaratory judgment action, there is generally a clearly defined and ongoing dispute about a claimed legal obligation at the time the case is brought, and a declaratory judgment has the immediate practical effect of guiding the parties' behavior and preventing further adversarial proceedings." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *9 (citations omitted).

Even if the court determines a justiciable controversy exists, jurisdiction under the Declaratory Judgment Act is discretionary, not mandatory. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). When a court is tasked with evaluating a justiciability challenge

---

third party, and where the contract did not express a clear intention to confer a separate and distinct benefit to the third party).

to a declaratory judgment action, there are two steps. *Kunkel*, 866 F.2d at 1273. "First, the court determines whether the factual allegations of the complaint show a justiciable controversy supporting jurisdiction." *LBG Ogden*, 2022 U.S. Dist. LEXIS at **10-11, citing *Kunkel*, 866 F.2d at 1273; *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). "If jurisdiction is lacking, the court cannot hear the case." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *11. Second, if jurisdiction is determined to exist, the court must go on to make a fact-specific determination as to whether it should forego the exercise of jurisdiction. *Id.*, citing *Surefoot,* 531 F.3d at 1240; *Kunkel*, 866 F.2d at 1273.

Courts have routinely held that a party lacks standing to bring a declaratory judgment action for the purpose of having a court assess rights and obligations under a contract when that individual or entity is not a party or third-party beneficiary to the contract. *Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough, PC*, 2016 U.S. Dist. LEXIS 19220 at **11-16, **21-22 (D. Utah, Central Div. February 17, 2016)(declaratory judgment action dismissed with prejudice because individual bringing claim was not a party or third-party beneficiary to the contracts); *Evans v. Sirius Computer Sols., Inc.*, 2012 U.S. Dist. LEXIS 61552 at **4-6 (D. Ore. May 1, 2012)(no standing if not a party or third-party beneficiary to the contract); *Tri-State Generation & Trans. Ass'n, Inc. v. BNSF Ry. Co.*, 2008 U.S. Dist. LEXIS 121415 at **5-10 (D. Ariz. June 17, 2008); *Am. Water Works Co. v. Util. Workers Local 537*, 2013 U.S. Dist. 153801 at **2-3 (W.D. Pa. Oct. 25, 2013)(plaintiff lacked prudential standing to bring declaratory judgment action when he was not a party or third-party beneficiary to the contract). Here, because Plaintiff Clinton Brown is not a party or third-party beneficiary to the contract between Atlas, Inc. and Defendant Sherrie Williamson, his declaratory judgment action should be dismissed. *Id*.

WHEREFORE, PREMISED CONSIDERED, Defendant Sherrie Williamson prays that all claims against her be dismissed with prejudice, and for such other and further relief to which she may be entitled.

Dated this 21st day of January, 2025.

Respectfully submitted,

BARNEY McKENNA & OLMSTEAD, P.C.

*/s/ Zachary N. Snipe* _____
M. Eric Olmstead
Zachary N. Snipe
*Attorneys for Defendant Sherrie Williamson*


*Pro hac vice Admission Pending*
Johnson & Associates Attorneys at Law, PLLC

*/s/ Christopher L. Johnson*_____
Christopher L. Johnson,
Richard L. Gorman
*Attorneys for Defendant Sherrie Williamson*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of January, 2025, a true and correct copy of the foregoing **RULE 12(b)(6) MOTION TO DISMISS ALL CLAIMS AND PROPOSED ORDER THEREON** was served on the Plaintiff *by email at clinton@atlasinc.solar* and *by U.S. Mail, postage prepaid,* at his stated address of 1431 Ocean Ave., Unit 413, Santa Monica, CA 90401.

I declare under penalty of perjury under the law of the State of Utah that the foregoing is true and correct.

*/s/ Ricki Stephens*_____
Ricki Stephens, Senior Paralegal