Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *See* Rule 5(d)(4).

FILED
2025 FEB 14
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHERRIE WILLIAMSON,<br><br>　　　　　Defendant. | Case No. 4:24-cv-00096<br><br>**FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF**<br><br>*See* 28 U.S.C. § 2201(a) & Rule 57<br><br>**Magistrate Judge:** Paul Kohler<br><br>**JURY DEMANDED** |

Clinton Brown ("Plaintiff") for his Complaint against Sherrie Williamson ("Defendant"), alleges as follows:

## I. NATURE OF ACTION

1. This action arises under common law breach of contract. Plaintiff seeks relief for breach of contract involving a solar energy project in Utah. *See* California Civil Code § 1549 & 1550. Plaintiff has suffered substantial damages due to Defendant's failure to fulfill her payment obligations under the contract. *See* California Civil Code § 3300, 3301 & 3302. The Defendant has also committed fraud and deceit upon Plaintiff. *See* California Civil Code § 1572 & 1710.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a). This case is a civil action, the amount in controversy exceeds $75,000, and the parties are citizens of California and Texas, respectively.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and property in Millard County, Utah, central to the case, occurred within this District.

## III. STANDING

4.    Plaintiff has standing to bring this action as required by Article III of the U.S. Constitution. Plaintiff has suffered concrete financial harm due to Defendant's failure to honor the terms of their contract. Plaintiff's injury is directly caused by Defendant's actions, and this harm can be redressed by the relief requested, including but not limited to, damages with interest and declaratory relief.

## IV. PARTIES

5.    Plaintiff: Clinton Brown resides at 1431 Ocean Avenue, Unit 413, Santa Monica, California 90401.

6.    Defendant: Sherrie Williamson resides at 190 E Hospital Drive, Angleton, Texas 77515. She is the owner of APN's 8729 & 8209 in Millard County, Utah, which are involved in the contract.

## V. FACTUAL ALLEGATIONS

<u>I. The Power Income Contract</u>

7.    April 18, 2023: Plaintiff and Defendant entered into an Exclusive Agreement for Finding a Power Income Contract for Landowner, under which Plaintiff, would receive 20% of all payouts from the Power Income Contract. ("PIC"). *See* Exhibit 1.

8.    September 11, 2023: Plaintiff and Defendant (with Defendants' attorney's approval) amended the agreement, reducing Plaintiff's payout from 20% to 5% of all payouts, with all other terms remaining unchanged. *See* Exhibit 2.

9.    On the same day, Defendant formed JD Crist Family LLC in the state of Texas.

10.   On or around May 16, 2024: Defendant received the first payout related to the solar project but did not payout the 5% owed to Plaintiff. *See* Exhibit 3 & Teresa Brown Declaration.

11.   June 18, 2024: Plaintiff sent an email to Defendant requesting the contractual payment of the 5% distribution from the Samsung Rooh Project LLC, as outlined in their amended agreement.

12. On the same day, Plaintiff sent the first invoice to Defendant, requesting payment of the 5% distribution owed from the Samsung Rooh Project LLC solar project. Over the following months, Plaintiff sent multiple demands to Defendant regarding the unpaid invoices, including, but not limited to:

- June 18, 2024, Invoice sent.
- June 28, 2024, Auto reminder sent.
- June 29, 2024, Invoice viewed.
- June 30, 2024, Reminder sent.
- July 1, 2024, Final auto reminder sent.
- August 22, 2024, Additional reminder sent.
- October 18, 2024, Final reminder sent.

13. July 1, 2024: Plaintiff formally notified Defendant of non-compliance with the contract via email and postal mail and demanded payment.

14. Defendant never disputed Plaintiff's right to receive payouts under the contract.

15. Despite repeated efforts to notify Defendant of the outstanding payment obligation and the terms of the contract, Defendant has failed to make the required payments.

II. Clinton Brown's Direct Role in the Power Income Contract

16. Plaintiff is the only director and officer of Atlas, Inc.

17. Plaintiff does not have any employees.

18. Plaintiff does not maintain a corporate bank account for Atlas, Inc. that is separate from Plaintiff's personal finances.

19. Plaintiff does not file a separate corporate tax return.

20. Plaintiff reports all business income, expenses, and losses on his personal Schedule C tax return.

21. Plaintiff does not maintain financial records for Atlas, Inc. that are separate from Plaintiff's own personal finances.

22. Plaintiff has not held corporate meetings, maintained corporate minutes, or taken other formal corporate actions for Atlas, Inc.

23. Atlas, Inc. does not own any assets separate from Plaintiff's personal assets.

24. All payments under the contract were intended for Plaintiff's benefit.

25. Atlas, Inc. has no independent business operations, assets, employees, or activities separate from those managed by Plaintiff.

26. The PIC does not state that only Atlas, Inc. may enforce its terms and does not explicitly exclude Plaintiff from receiving payment.

III. Defendant's Direct Role in the Power Income Contract

27. Plaintiff agreed and signed to the amended contract that reduced the distributions from 20% to 5% on September 11, 2023.

28. On September 11, 2023, Defendant formed JD Crist Family LLC in the state of Texas.

29. On September 17, 2023, Defendant personally executed the amended Power Income Contract ("PIC") without disclosing that she formed JD Crist Family LLC just six days earlier.

30. At the time of signing the amended PIC, Defendant did not claim to be acting on behalf of any entity, nor did she indicate that any entity—including JD Crist Family LLC—would assume the contract's obligations.

31. Later, Defendant signed the Samsung Rooh Project LLC contract under the name of JD Crist Family LLC, rather than in her personal capacity.

32. At no point did Defendant inform Plaintiff that JD Crist Family LLC had been formed or that she intended for JD Crist LLC to assume any contractual obligations under the amended Power Income Contract ("PIC").

33. Defendant never told Plaintiff that JD Crist Family LLC had been formed.

34. Defendant never disclosed that she intended to use the LLC to enter a different contract (Samsung Rooh LLC contract) and avoid paying Plaintiff.

35. Defendant actively concealed material facts that Plaintiff should have known before signing the amended PIC contract.

36. Defendant knowingly concealed the formation of JD Crist Family LLC and falsely represented that payments would be made directly to Plaintiff, inducing him to agree to the amended contract.

### IV. Nonjoinder of JD Crist Family LLC

37. Plaintiff alleges that JD Crist Family LLC may have been used as part of Defendant's fraudulent conduct. However, Plaintiff has not joined JD Crist Family LLC as a defendant at this time because Defendant Sherrie Williamson personally executed the Amended Power Income Contract (PIC), making her individually liable for all obligations thereunder.

38. Plaintiff contends that the formation of JD Crist Family LLC does not alter Defendant's personal liability, as she executed the PIC in her individual capacity and failed to disclose any intent to shift obligations to an undisclosed entity.

39. Plaintiff further alleges that Defendant used JD Crist Family LLC to receive payments stemming from the PIC and reserves the right to seek joinder of JD Crist Family LLC should discovery reveal that it was intentionally used to facilitate fraud, unjust enrichment, or to evade Defendant's personal obligations under the PIC.

40. Plaintiff expressly asserts that Defendant cannot retroactively claim that JD Crist Family LLC is the real party in interest, as Defendant had the opportunity to make such an argument in her initial motion to dismiss and failed to do so.

## VI. LEGAL CLAIM

### COUNT I: Common Law Breach of Contract

**California Civil Code § 3300, 3301 & 3302**

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. A valid and enforceable contract existed between Plaintiff and Defendant, governed by the principles of contract formation under California Civil Code § 1549 & 1550.

43. Plaintiff fully performed all contractual obligations thereby satisfying the requirements for enforcement of the contract.

44. Defendant failed to perform material obligations under the contract, including but not limited to failure to make required payments and wrongful conduct that deprived Plaintiff of the benefits of the agreement.

45. As a direct and proximate result of Defendant's breach, Plaintiff suffered monetary damages pursuant to California Civil Code §§ 3300, 3301, and 3302.

## COUNT II: Common Law Fraud
## California Civil Code § 1572 & 1710

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Defendant made false representations, concealments, and/or omissions of material facts with knowledge of their falsity or reckless disregard for the truth, in violation of California Civil Code § 1572 and 1710.

48. Defendant acted with the intent to induce Plaintiff's reliance on the false representations and omissions for the purpose of obtaining an unfair and unlawful advantage.

49. Plaintiff justifiably relied on Defendant's misrepresentations and omissions, taking actions and incurring expenses that would not have been undertaken but for Defendant's fraudulent conduct.

50. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered economic and consequential damages, including but not limited to lost contractual fees, lost business opportunities, and other financial harm.

## VII. REQUEST FOR DECLARATORY RELIEF

51. In 1934, Congress authorized Federal declaratory relief in the passage of the Declaratory Judgment Act. The Declaratory Judgment Act embraces both constitutional and prudential concerns. A lawsuit seeking Federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. *See*

*Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-240 (1937). It must also fulfill statutory jurisdictional prerequisites. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950); *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

52. "[W]hether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941); *Medimmune, Inc. v. GenenTech, Inc.*, 549 U.S. 118, 127 (2007).

53. Declaratory relief is necessary to determine the rights and obligations of the parties under the amended contract and to enforce Defendant's payment obligations. In this case, although discretionary, it is appropriate *prima facie* to issue declaratory relief for the parties to ensure the just, speedy, and inexpensive determination of this action. *See* Rule 1.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendant is obligated to pay Plaintiff under the terms of the amended contract, as governed by California law;

2. Enter judgment in favor of Plaintiff in the amount of $891,925.20, plus pre-judgment and post-judgment interest costs;

3. Issue an order pursuant to 28 U.S.C. § 1963 allowing Plaintiff to register the judgment in any other Federal district court for enforcement, should Defendant fail to satisfy the judgment;

4. Grant Plaintiff any further relief deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all claims so triable.

Dated: February 14, 2025          */s/ Clinton Brown, Self-Represented* [1]
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on February 14, 2025

---

[1] "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.