**BARNEY MCKENNA & OLMSTEAD, P.C.**
M. ERIC OLMSTEAD – 7591
ZACHARY N. SNIPE – 18548
43South 100 East, Suite 300
St. George, Utah 84770
Telephone: (435) 628-1711
Fax: (435) 628-3318
Email: eric@bmo.law
Email: sach@bmo.law
*Attorneys for Defendant Sherrie Williamson*

**JOHNSON & ASSOCIATES ATTORNEYS at LAW, PLLC**
CHRISTOPHER L. JOHNSON – *admitted pro hac vice*
RICHARD L. GORMAN – *admitted pro hac vice*
303 East Main Street, Suite 100
League City, Texas 77573
Telephone: 281-895-2410
Email:  chris@johnson-attorneys.com
Email:  richard@johnson-attorneys.com
*Attorneys for Defendant Sherrie Williamson*

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>    Defendant. | **RULES 12(b)(6) AND 9(b) MOTION TO DISMISS ALL CLAIMS**<br><br>Cause No. 4:24-cv-00096<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

### DEFENDANT'S RULES 12(b)(6) AND 9(b) MOTION TO DISMISS

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendant

seeks to dismiss Plaintiff's claims for breach of contract, actual fraud, and declaratory relief

because: (1) the Amended Complaint fails to state a claim upon which relief can be granted; (2) the Plaintiff lacks the requisite standing to bring the claims; and (3) the claim for actual fraud under the California Civil Code is not pleaded with sufficient particularity to satisfy the heightened pleading requirements of Rule 9(b).[1]   Lastly, because the Plaintiff lacks standing, and because there is no breach of contract or fraud, there is no need for the requested declaratory relief.   In support of her motion, Defendant respectfully shows:

## I.

## SUMMARY OF ARGUMENT

Plaintiff alleges causes of action[2] for breach of contract and fraud.  The newly asserted actual fraud claim[3] appears to contain a claim for deceit under the California Civil Code.[4]  He also seeks a declaration as to the parties' rights and obligations under the applicable contract, and that Defendant must pay him payouts under what he claims is a Power Income Contract, which is

---

[1]    Even if a plaintiff pleads fraud with the requisite particularity required by Rule 9(b), the claim still can be dismissed if the plaintiff fails to state a cause of action under Rule 12(b)(6). *Freightliner of Utah, LLC v. Terex Advance Mixer, Inc.*, 2007 WL 2821396 at **1-2 (D. Utah Sept. 26, 2007).

[2]    Both the contract and tort claims asserted by Mr. Brown are asserted under the California Civil Code, presumably because the contract at issue states "Governing Laws: California and Federal."

[3]    While the contract claim is governed by California and Federal law under the express terms of the contract, the non-contract allegations of actual fraud may not be.  Subject to and without waiving any right to assert applicable law, Defendant argues that the claim asserted for fraud does not satisfy the heightened pleading requirements of Rule 9(b), so it must be dismissed.  Such a dismissal does not depend upon the applicable law, but upon the application of the Federal Rules of Civil Procedure to the facts as they are pleaded in the Amended Complaint.  *Iadanza v. Mather*, 820 F.Supp. 1371, 1381, n. 14 (D. Utah 1993).

[4]    While Plaintiff only uses the word fraud in his Amended Complaint, Section 1710 of the California Civil Code, cited to by the Plaintiff, defines what the Code calls "deceit."  Section 1572 defines what the Code calls "actual fraud."  The claim for deceit, as a claim grounded in fraud, and the claim for actual fraud, are both subject to the heightened pleading requirements of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

actually a lease option agreement.  Plaintiff has no cause of action for breach of contract because: (1) the one-year fixed term contract terminated at expiration, and no Power Income Contract was presented to or signed within the contract's fixed term; and (2) as a non-party to the contract between Atlas, Inc. and Defendant, Plaintiff has no standing to sue on the contract because he is not a party or third-party beneficiary to the contract.

Plaintiff has no claim for fraud against Defendant because he fails to plead a cause of action for fraud with the requisite particularity under Rule 9(b).  His conclusory allegations that some unidentified misrepresentation was made in some unspecified manner at some unidentified time that was purportedly false, made to induce him into entering an amended contract that merely reduced the commission percentage is wholly insufficient to plead fraud or deceit.[5]

Lastly, as a non-party to the contract, and as an individual who lacks third-party beneficiary status, Plaintiff cannot seek declaratory relief because he does not have the requisite standing. Further, because there is no breach of contract and no fraud, there is no need for declaratory relief. The case should be dismissed with prejudice as no further amendment can cure any of the deficiencies in the Plaintiff's already amended pleading.  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)(no leave to amend if pleading cannot be cured).  The contract terminated under its own terms after one year with no Power Income Contract in place.  Tellingly, Plaintiff does not even allege that any such contract was presented to Defendant during the term of the contract that he claims he has the right to enforce.

---

[5]     Plaintiff makes no allegations that the JD Crist Family LLC was formed specifically to deceive anyone into entering into a contract, nor how the formation of the limited liability company somehow changed the ability of Defendant to perform under the Exclusive Finding Contract.  The only fraud actually alleged by Plaintiff in the Amended Complaint is his own, i.e., there is no Atlas, Inc.

## II.

## FACTUAL BACKGROUND

The contract Plaintiff seeks to enforce is titled "Exclusive Agreement for Finding a Power Income Contract for Landowner" (herein "Exclusive Finding Contract" or "EFC"). [Dkt. Nos. 19-1 and 19-2]. This EFC between Atlas, Inc. and Defendant[6] is a fixed term employment contract, like an exclusive real estate listing agreement, for Atlas, Inc. to find a Power Income Contract for Defendant Sherrie Williamson to sign within one-year term from April 18, 2023. The commission under the amended EFC that the Plaintiff seeks to recover is based upon five percent (5%) of all payouts from a signed Power Income Contract. "Power Income Contract," or PIC, is defined as "[a] **land lease agreement** between the Landowner [Sherrie Williamson], and a Power Producer to **produce electric power** on Landowner's property." (emphasis added).[7]  Under California law, and as a matter of factual timing, the contract terminated on its expiration date of April 18, 2024. On May 10, 2024, some twenty-two (22) days after the EFC terminated by expiration, an Option to Lease contract, and not a PIC, was entered into between Rooh Hybrid Solar, LLC and JD Crist

---

[6]     The top of the document states "ATLAS," and then states "Clinton Brown, CEO." Contracting Persons are "Atlas, Inc. ("Atlas") and Landowner ("Owner")." The authority section states that the exclusive agreement "authorizes Atlas to seek a Power Income Contract for the owner to negotiate." Under duties, "Atlas, in good faith, is to seek a Power Income Contract for the landowner to review, and if acceptable, sign." Under payouts, "Atlas" was to receive 20% (amended to 5%) of all payouts from a signed Power Income Contract. Under privacy, "Atlas agreed to protect private information." Lastly, the exclusive agreement is signed by Clinton Brown, CEO [*See* Dkt. No. 19-1].

The amended EFC is Dkt. No. 19-2. The <u>only</u> change is to reduce the payout to Atlas from 20% of all payouts to 5% of all payouts. The amended agreement expressly states that the amendment "ONLY supersedes the prior agreement in regard to the payout provision, with all other terms to remain the same." The amendment again is signed for Atlas, Inc. by Clinton Brown, CEO.

[7]     The Plaintiff incorrectly refers to the amended EFC as a PIC. The EFC is an agreement to find a PIC, and not a PIC. No PIC is attached to the Plaintiff's Amended Complaint.

Family LLC.  [Dkt. No. 19-3].  This Option to Lease, which is not a PIC, was signed by Jung Woo Kim on behalf of Rooh Hybrid Solar, LLC, and by the two members of JD Family Crist LLC, Sherrie and Richard Williamson.  [*Id.* at p. 14].  The Plaintiff does not allege that he provided to Defendant, within the fixed term of the EFC, a PIC for Defendant to negotiate with Rooh Hybrid Solar, LLC.[8]

To circumvent the obvious fact that Plaintiff, individually, is not a party to the EFC, and is not a beneficiary to the contract through the express contract terms, Plaintiff now alleges, without expressly saying, that he is the alter ego of Atlas, Inc., which makes  him an intended beneficiary of the contract and able to recover the commissions to be paid under the contract's terms, to the extent there are any, which there is not.  To support this alter ego claim, Plaintiff alleges the following: (1) he is the only officer and director of Atlas, Inc.;[9] (2) he does not have any employees;[10] (3) he does not maintain a separate bank account for Atlas, Inc.;[11] (4) he does not file a separate corporate tax return;[12] (5) he reports all business income, expense and losses on a Schedule C tax return; (6) he does not maintain separate financial records for Atlas, Inc.; (7) he has not held corporate meetings, maintained corporate minutes or taken other formal corporate actions for Atlas, Inc.; (8) Atlas, Inc. has no independent assets; and (9) Atlas, Inc. has no independent operations, employees or activities separate from those he manages.  [Dkt. No. 19 at

---

[8]    Plaintiff alleges the EFC is a PIC, but it is not by definition.

[9]    No documents are produced to support this, or that Atlas, Inc. is even an existing entity formed under the laws of any state.

[10]    What employees Mr. Brown has is beside the point.  The documents attached to the Amended Complaint do show that two people other than Mr. Brown have Atlas, Inc. email addresses, appearing to be employees of Atlas, Inc.  These are Teresa Brown with an email address of teresa@atlasinc.solar and Erick Ordaz with an email address of erick@atlasinc.solar.

[11]    He does not say that Atlas, Inc. does not have a bank account.

[12]    He does not say that Atlas does not file an income tax return.

pp 3-4]. In short, Plaintiff now admits he defrauded Defendant into thinking she was dealing with and contracting with a corporation, when apparently no such corporation exists.

Plaintiff's fraud allegations center around the formation of JD Crist Family LLC ("LLC"), and the alleged use of that LLC to somehow defraud Plaintiff and avoid paying him commissions under the EFC. [*Id*. at pp. 4-5]. These allegations are preposterous in light of the facts alleged. As is argued herein, the EFC terminated upon expiration, Plaintiff is not entitled to enforce the expired contract, and there is no PIC, so there can be no fraudulent concealment committed by Defendant to avoid paying Plaintiff, even assuming he could enforce the EFC, which he cannot do. According to the Option to Lease attached to Plaintiff's Amended Complaint, the two members of the referenced LLC are Richard and Sherrie Williamson. This still makes her a "landowner" for purposes of the EFC, to the extent the property involved can somehow be connected to the EFC. In terms of material facts alleged or those that are glaringly missing, the EFC fails to identify any specific property to which the EFC applies, and whether any such property is owned solely by Defendant, or jointly with someone else. Next, the amended Complaint fails to allege that the LLC was improperly formed or formed for any reason other than legitimate activities. Lastly, Plaintiff does not allege that the property involved in the Option to Lease is somehow related or the same as the unnamed property in the EFC. There is simply no way to know. No matter what, it makes no difference because the EFC expired, Plaintiff cannot enforce the contract, and no PIC was entered.

## III.

## **STANDARD OF REVIEW**

This motion involves two standards, one for the motion to dismiss under Rule 12(b)(6) and one for the heightened standard to plead fraud under Rule 9(b).

6

A court should grant a motion to dismiss under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). A plaintiff must provide facts that support his claim, which requires more than simply an unadorned, the plaintiff unlawfully harmed me, accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that simply offers labels and conclusions, naked assertions devoid of factual enhancement, or a formulaic recitation of the elements of a cause of action, does not work. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Generally, a court considers only the contents of a complaint when ruling on a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, "a court may look both to the complaint itself and to any documents attached as exhibits to the complaint" when deciding the motion. *Id*., citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Because Plaintiff has filed a *pro se* Amended Complaint, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For example, a *pro se* plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th

Cir. 2008).  When a *pro se* plaintiff has filed a lawsuit, a court can make allowances for the *pro se* plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  Nevertheless, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

To allege fraud, a party must state the circumstances constituting fraud or mistake with particularity.  Fed.R.Civ.P. 9(b).  The reason for this "is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based," to "safeguard [] defendant's reputation and goodwill from improvident charges of wrongdoing…." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).  To satisfy the particularity requirements of Rule 9(b), a plaintiff must "set forth the time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016), quoting *Koch v. Koch Indus*., 203 F.3d 1202, 1236 (10th Cir. 2000); *see also United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 716-27 (10th Cir. 2006) (plaintiff must set forth the who, what, when, where and how of the alleged fraud).

## IV.

## ARGUMENT

Plaintiff amended his Original Complaint in response to Defendant's Motion to Dismiss the Original Complaint.  Plaintiff's Amended Complaint now should be dismissed with prejudice because it fails to allege a cause of action for breach of contract and fraud, fails to plead fraud with the required specificity to satisfy Rule 9(b), and there is nothing for the Court to declare.

**A.  No Breach of Contract**.

Plaintiff attaches to his Amended Complaint what he claims is the original and amended contract[13] he had with Defendant.  The one-year, fixed term contract, dated April 18, 2023, and amended solely as to the commission percentages on September 11 and 17, 2023, is the contract upon which Plaintiff is suing.  This original and amended contract are titled "Exclusive Agreement for Finding a Power Income Contract for Landowner."  "Power Income Contract" is expressly defined therein as: "[a] **land lease agreement** between the Landowner and a Power Producer to **produce electric power** on Landowner's property."  (emphasis added).  Plaintiff also attaches what he claims is the PIC[14] that allows him to collect the payouts provided for in the EFC between Atlas, Inc. and Defendant.

The document that Plaintiff claims is a PIC is titled "Option to Lease Agreement."   A reading of the document establishes that the lease option is merely what it says it is, an option to lease the property, or maybe even an option to enter into a PIC.  What the lease option is not is a PIC, or "land lease agreement … to produce electric power."  The lease option provides for no such electric power production, so there is no obligation for Defendant to make any payouts to Plaintiff or Atlas, Inc. under the EFC.  Importantly, Plaintiff does not allege in the Amended Complaint that he found and presented the lease option, nonetheless a PIC, to Defendant for her to sign, as is required under the EFC as a condition precedent to the payment of any payouts from a PIC.  Simply put, because Plaintiff did not perform the required, expressly stated duties found in the EFC[15] within the one-year contract term, there can be no breach of the contract by Defendant

---

[13]    The amended version of the contract <u>only</u> changed the commission rate from 20% to 5%.

[14]    The Plaintiff also refers to the amended EFC as a PIC.  By the definition of PIC contained in the EFC, the amended EFC is not a PIC.

[15]    The EFC states under Duties: "[i]n good faith, Atlas will seek a Power Income Contract, and the Owner will review and, if acceptable, sign the contract."

for failing to pay payouts on electric power that was never produced under a PIC. This is true because the lease option contract does not allow for production of electric power. Further, because Plaintiff's Amended Complaint does not allege that there was or has been any electric power produced calling for payouts under the EFC, Plaintiff has no damages for unpaid payouts, even assuming the contract was breached, which it was not.[16] For these reasons, Plaintiff's breach of contract claim fails to state a claim for relief and should be dismissed with prejudice, as the shortcomings of the Complaint cannot be rectified. *Bly-Magee*, 236 F.3d at 1019.

Additionally, the one-year, fixed term EFC, that Plaintiff alleges entitles him to collect commissions from Defendant, expired by its own terms on April 18, 2024. The agreement Plaintiff asserts is a PIC, that is actually an "Option to Lease Agreement," is dated May 10, 2024, some twenty-two (22) days after the EFC expired. Under California law, a fixed term agreement for employment, like an exclusive real estate listing or an EFC, terminates at the end of the term with no lasting force and effect.[17] Because the Option to Lease Agreement was signed after the EFC terminated by expiration, and because the Option to Lease Agreement is not a PIC, as that term is defined in the EFC, Plaintiff has failed to state a cause of action for relief. In fact, the opposite is true, the Amended Complaint establishes that Plaintiff has no breach of contract cause of action

---

[16]    Under California law, the elements of breach of contract are: (1) the existence of a contract; (2) a plaintiff's performance or excuse for nonperformance; (3) a defendant's breach; and (4) damages to the plaintiff. *Stewart v. Life Ins. Co. of North Am.*, 388 F.Supp.2d 1138, 1140 (E.D. Cal. 2005), citing *First Comm. Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). Here, there is no performance by Plaintiff, no breach of contract, and because there is no PIC, no damages, so Plaintiff's breach of contract claim, as alleged, fails and must be dismissed.

[17]    Section 2920 of the California Labor Code provides in pertinent part: "[e]very employment is terminated by any of the following: (a) [e]xpiration of its appointed term…." *Daly v. Exxon Corp.*, 55 Cal.App.4th 39, 45 (1997)(fixed term contract terminates at expiration; employee estopped from claiming any contract other than the one for the fixed term); *Kern v. Univ. of Southern Cal.*, 2005 WL 3539792 at *4 (Ca. App. Dec. 28, 2005)(section 2920(a) of Labor Code is a self-terminating provision).

because the EFC expired before the Option to Lease Agreement was entered, and because the Option to Lease Agreement is by definition not a PIC.

### i.    Plaintiff Lacks Standing[18]

As has been outlined in detail above, the claimed contract at issue in Plaintiff's Amended Complaint is between Atlas, Inc. and Defendant, as landowner.  Plaintiff's only involvement in the contract is signing the agreement <u>solely</u> in his stated capacity as CEO of Atlas, Inc.  He is not a named party in the contract, nor did he sign the agreement in his individual capacity.  Consequently, Plaintiff, as a non-party to the contract, even with his assertion that he is the alter ego of Atlas, Inc.,[19] does not have the requisite standing to bring a lawsuit for breach of contract or declaratory relief in his name.  Further, under the facts pleaded in the Amended Complaint, and more specifically, in the actual contract documents attached to the Amended Complaint, Plaintiff, under California law, is not a third-party beneficiary to the contract that would allow him to continue to pursue a breach of contract claim and seek declaratory relief as a third-party beneficiary.  Each of the foregoing issues is discussed below in detail.

In an attempt to circumvent the arguments made in Defendant's initial motion to dismiss, Plaintiff now alleges that he is the alter ego of Atlas, Inc., which allows him to sue on the contract because he is the beneficiary of the contract as the company's alter ego.  This new argument, like the old one, fails because: (1) the contract, by its express terms, was entered into solely by Atlas,

---

[18]    The standing issue here is prudential standing, which is analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) of the Federal Rules of Civil Procedure because prudential standing "does not implicate subject-matter jurisdiction."  *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229-30 (10th Cir. 2021); *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017).

[19]    Certainly, Plaintiff cannot cite to any California case that holds that he as an alter ego of Atlas, Inc. can sue on the contract individually.  Our search for any such California case was unsuccessful.

Inc. and Defendant; and (2) Plaintiff signed the contract solely in the capacity as Chief Executive Officer ("CEO") of the company, and not in an individual capacity.[20]

Despite the new alter ego assertion, this action must be dismissed because Plaintiff lacks prudential standing to bring the claims he asserts against Defendant.[21]   Plaintiff lacks standing because the contract attached to Plaintiff's Amended Complaint establishes that he is not a party to the contract.[22]   The contracting party is Atlas, Inc. because: (1) Atlas, Inc. is expressly stated as a party to the contract; and (2) Plaintiff signed the CEO of Atlas, Inc.; and (3) Plaintiff did not sign the contract in his individual capacity.

Importantly here, the prudential standing doctrine mandates that a plaintiff can only assert his own legal rights and interests.  As such, the doctrine prevents a plaintiff from "rest[ing] his claim to relief on the legal rights or interests of third parties." *Wilderness Soc'y*, 632 F.3d at 1168,

---

[20]    Through this current alter ego allegations, Plaintiff admits he committed fraud in the inducement of the contract with Defendant since according to him, there is no existing company by the name of Atlas, Inc. independent of him individually.  All evidence attached to the Amended Complaint, however, supports the inference that he was touting a corporate shell as an existing and operating company when seeking to enter into a contract with Defendant.  As an admitted fraudster, Plaintiff now accuses Defendant of the same type of fraudulent conduct without providing any of the requisite specificity.  As we would say in Texas, this is simply the pot trying to call the kettle black.

[21]    Standing can be used to describe either: (1) Article III standing, or a court's power to hear a case; or (2) prudential standing, which are judicial limits imposed by the Supreme Court on a court's exercise of its power. *Wilderness Soc'y v. Kane Cnty. Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011).  In the Tenth Circuit, a court need not reach the question of constitutional standing if it finds the plaintiff lacks prudential standing. *VR Acquisitions, LLC*, 853 F.3d at 1146, n. 3; *Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006).

[22]    The general rule in both California and Utah is that an individual or entity that is not a party to a contract may not sue to enforce the terms of the contract. *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566, 284 Cal. Rptr. 188 (1991); *Windham at Carmel Mountain Ranch Assn. v. Superior Ct.*, (2003) 109 Cal.App.4th 1162, 1172 n. 10, 135 Cal.Rptr. 834; *Novelposter v. Javitch Canfield Group*, 2014 U.S. Dist. LEXIS 156268 at **18-19 (N.D. Cal. Nov. 4, 2014)(discussing cases)(California); *Holmes Dev., LLC v. Cook*, 2002 UT 38, 48 P.3d 895, 908 (Utah 2002); *Premier Sleep Sols., LLC v. Sound Sleep Med., LLC*, 2021 U.S. Dist. LEXIS 63002 at **29-30 (D. Utah March 30, 2021)(Utah).

quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975). When a plaintiff lacks prudential standing, a court has no choice but to dismiss the action. *Id*. at 1170-74 (case remanded for dismissal for lack of prudential standing). Signing a contract or performing actions on behalf of a corporation is not enough of a direct and personal interest to provide a plaintiff with prudential standing. *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013). Because the ECF attached to Plaintiff's Amended Complaint establishes that Plaintiff is not a party to the contract sued upon, the action must be dismissed for Plaintiff's lack of prudential standing. *Wilderness Soc'y*, 632 F.3d at 1168; *see also Webster v. Saia LTL Freight*, 2024 U.S. Dist. LEXIS 56574 at **2-4 (D. Utah, Central Div. March 7, 2024)(plaintiff lacked prudential standing because he was not a party to the contract sued upon)(citing cases).

### ii.    Plaintiff is not a Third-Party Beneficiary.

Because Plaintiff is not a party to the contract, the only remaining way for Plaintiff to maintain a lawsuit on the contract is if he can establish that he is a third-party beneficiary to the contract. As will be discussed in detail below, Plaintiff is not a third-party beneficiary to the contract, so he lacks standing to bring a third-party beneficiary lawsuit.[23] Because Plaintiff is not a party or third-party beneficiary to the contract, his claims against Defendant must be dismissed.

Third-party beneficiary status requires a plaintiff to allege a personal stake in the outcome of a controversy to warrant his invocation of federal court jurisdiction, and thus justify the exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In

---

[23] In a diversity case, which is Plaintiff's alleged basis of jurisdiction here, his third-party beneficiary status is determined by looking to the law of the state which applies to the case. *Bevill Co. v. Sprint/United Mgmt. Co*., 77 Fed. Appx. 461, 462 (10th Cir. 2003). Here, the claimed agreement at issue has a choice of law provision calling for the application of California law. For this reason, California cases (state and federal), in addition to those from the United States Supreme Court, are being cited here to address the standing issue.

other words, "[s]tanding addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010).

In California, a third-party beneficiary may enforce a contract "made expressly for its benefit." Cal. Civ. Code § 1559; *Hess v. Ford Motor Co*., 27 Cal.4th 516, 524, 117 Cal.Rptr.2d 220, 41 P.3d 46 (2002).[24]  In order to bring a lawsuit as a third-party beneficiary in California, the individual asserting third-party status must establish: (1) that he is likely to benefit from the contract; (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party; and (3) that permitting the third-party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. *See, e.g.  Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022), citing *Goonewardene v. ADP, LLC*, 6 Cal.5th 817, 830, 243 Cal.Rptr. 299, 434 P.3d 124 (2019). "All three (3) elements must be satisfied to permit the third-party action to go forward." *Goonewardene*, 6 Cal.5th at 830.  Since Plaintiff cannot satisfy all three (3) elements,[25] his lawsuit must be dismissed because he cannot enforce the contract as a third-party beneficiary.[26]

Under the first prong of the *Goonewardene* test, a third party must establish that he likely in fact would benefit from the contract.  6 Cal.5th at 830.  It is not enough that the third party only

---

[24]    "The standard to achieve third party beneficiary status is a high one."  *Stasi v. Immediata Health Grp. Corp*., 501 F.Supp.3d 898, 920 (S.D. Cal. 2020).

[25]    Even assuming the alter ego allegations satisfy the first prong of the test, Plaintiff still cannot satisfy the other two prongs.

[26]    "Although disputes regarding purported third-party beneficiaries may in some circumstances be questions of fact, dismissal at the pleading stage is appropriate where it is clear from the terms of the contract and the circumstances alleged in the complaint that the plaintiff [is] not a third-party beneficiary."  *City of Oakland v. Oakland Raiders*, 2019 U.S. Dist. LEXIS 124465, 2019 WL 3344624 at *44 (N.D. Cal. July 25, 2019); *Partners All. Corp. v. Ally Bank*, 2024 U.S. Dist. LEXIS 195653 at *13 (S.D. Cal. October 28, 2024).

incidentally or remotely benefit from the contract.  *Id*.  Here, the EFC attached to Plaintiff's Amended Complaint states that the 5% commission is to be paid to Atlas, Inc.  While this may incidentally benefit Plaintiff as the stated CEO of Atlas, Inc., that incidental benefit is not enough of a benefit to him to satisfy prong one of the *Goonewardene* test.[27]  *Ngo*, 23 F.4th at 946-47; *Ralls v. BMW of N. Am., LLC*, 2023 U.S. Dist. LEXIS 141905 at *6 (C.D. Cal. August 14, 2023).

Under the second prong of the *Goonewardene* test, a motivating purpose of the contracting parties must be to provide a benefit to the third party--in this case, Plaintiff.  6 Cal. 5th at 830.[28] The short and succinct ECF attached to Plaintiff's Amended Complaint conveys no such motivation.  The motivating purpose of the agreement is to pay a 5% commission to Atas, Inc., and not to the Plaintiff.  Accordingly, prong two of the *Goonewardene* test is not satisfied.  *Ngo*, 23 F.4th at 946-47; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at *6.

Under the third prong of the *Goonewardene* test, permitting the third party to enforce the contract must be consistent with the objectives of the contract and the reasonable expectations of the contracting parties.  *Goonewardene*, 6 Ca. 5th at 830.  For a court to make this determination, it should focus on the language of the contract and all the relevant circumstances under which the contract was entered into to determine if third party enforcement will effectuate the contracting

---

[27]    Third parties that benefit from the contract only incidentally or remotely may not enforce it.  *LaBarbera v. Sec. Nat. Ins. Co*., (2022) 86 Cal.App. 5th 1329, 1340-41, 303 Cal.Rptr. 256, 265, citing *Harper v. Wausau Ins. Co*., 1997) 56 Cal.App.4th 1079, 1086, 66 Cal.Rptr. 2d 64.  "The fact that [the third party] is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment.  It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions."  *LaBarbera*, 86 Cal.App.5th at 1341, quoting *Eastern Aviation Group, Inc. v. Airborne Express, Inc.* (1992) 6 Cal.App.4th 1448, 1452, 8 Cal.Rptr. 2d 355.

[28]    The phrase "motivating purpose" was intended to "clarify that contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract."  *Goonewardene*, 6 Cal.5th at 830; *see also Ngo*, 23 F.4th at 947.

parties' performance objectives.  *Id.* at 830-31.  Here, nothing in the ECF manifests any objective or expectation that the contract provisions apply to any third party, nonetheless Plaintiff.  Atlas, Inc. is the <u>only</u> named party on the contract with Defendant.  Plaintiff is not named on the contract, and he signed the ECF <u>only</u> is the capacity as CEO of Atlas, Inc.  The authority section of the ECF states that the exclusive agreement authorizes <u>only</u> Atlas to seek a PIC for the owner to negotiate.  Under the duties section of the contract, <u>only</u> Atlas, Inc., in good faith, is to seek a PIC for the landowner to review, and if acceptable, sign.  Under payouts, <u>only</u> Atlas, Inc., and not Plaintiff, is to receive 5% of all payouts from a signed PIC.  In terms of privacy, <u>only</u> Atlas, Inc. is the party that has agreed to protect private information.  Because the ECF attached to Plaintiff's Amended Complaint speaks <u>solely</u> to the rights and obligations of Atlas, Inc., the only reasonable expectation is that the contract is for the benefit of Atlas, Inc.  For this reason, Plaintiff cannot satisfy the third prong of the *Goonewardene* test.  6 CA. 5th at 830; *see also Ngo*, 23 F.4th at 948-49; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at **6-8.

Because Plaintiff cannot satisfy all three (3) prongs from the *Goonewardene* test, he cannot establish third-party beneficiary status under California law, and his claim against Defendant must be dismissed.  *See, e.g. Sherman v. Pepperidge Farm, Inc*., 2023 U.S. Dist. LEXIS 75684 at **8-12 (C.D. Cal. April 28, 2023)(dismissal warranted where plaintiff failed to meet any of the three (3) *Goonewardene* factors); *City of Oakland*, 2019 U.S. Dist. LEXIS 124465 at ** 43-52 (same).[29]

---

[29]    The result would be the same under Utah law.  *See, e.g. CounselNow, LLC v. Deluxe Small Bus. Sales Inc*., 430 F.Supp.3d 1247, 1256-57 (D. Utah 2019)(dismissal appropriate where plaintiff was not a party to the contract, where the contract was not undertaken for the direct benefit of the third party, and where the contract did not express a clear intention to confer a separate and distinct benefit to the third party).

**B.  No Fraud, Except for That of Plaintiff**.

Plaintiff, in his Amended Complaint, added a claim for actual fraud.  Claims based in fraud are subject to the heightened pleading requirements of Rule 9(b).  *Kearns*, 567 F.3d at 1124.  In California, all fraud claims require pleading: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *P&H Casters Co. v. P&H Industries, LLC*, 2024 WL 4446546 at *6 (C.D. Cal. Aug. 26, 2024), citing *Robinson Helicopter Co. v. Dana Corp*., 34 Cal.4th 979, 990 (2004).  Plaintiff's conclusory statements that Defendant made false representations, concealments or omissions of material fact with knowledge of their falsity or reckless disregard for the truth, without specifically identifying the actual facts involved, why and how those facts were incorrect, why and how those claimed incorrect facts were relevant at the <u>time of contracting</u>, where the alleged misrepresentations were made, when the alleged misrepresentations were made, and to whom the alleged misrepresentations were made, fails to satisfy the heightened pleading requirements of Rule 9(b).[30]  Additionally, Plaintiff's conclusory statement that he justifiably relied on the misrepresentations and omissions of which he claims to have no knowledge, rings hollow, and his statement that he would not have entered into the amended contract had he known differently, fails to state what misrepresentations or omissions he is referencing, why they would have led him to not enter into the amended agreement he continues

---

[30]    Plaintiff states in his Amended Complaint that the formation of JD Crist Family LLC, a Texas limited liability company, <u>may</u> have been used as a part of Defendant's fraudulent conduct, however, he intends to pursue Defendant and not JD Crist Family LLC because she signed the EFC.  He further states that the creation of the JD Family Crist LLC does not alter her potential liability under the EFC.  If this is the case, there can be no fraud because the contract he claims that he can seek to enforce is with her and not the limited liability company.  Plaintiff has provided no detailed allegations as to how or why the formation of the limited liability company somehow was created to avoid payment of commissions under the EFC, if performance had been completed within the fixed term of that contract, which it was not.

to try to enforce, and why any of this is relevant since no PIC was entered into prior to the expiration of the EFC. Lastly, Plaintiff's conclusory statement that Defendant never intended to perform is insufficient to allege fraud without further factual allegations that establish contemporaneous falsity.[31] In summary, allegations that some unidentified misrepresentation was made in some unspecified manner at some unidentified time that was purportedly false is wholly insufficient to plead fraud or deceit.[32]

Plaintiff's fraud allegations center around the formation of JD Crist Family LLC, and the alleged use of that LLC to somehow defraud Plaintiff and avoid paying him commissions under the EFC. These allegations are preposterous in light of the facts alleged. Because the EFC terminated upon expiration, Plaintiff is not entitled to enforce the expired contract, and there is no PIC, so there can be no fraudulent concealment committed by Defendant to avoid paying Plaintiff, even assuming he could enforce the EFC, which he cannot do. According to the Option to Lease attached to Plaintiff's Amended Complaint, the two members of the referenced LLC are Richard and Sherrie Williamson. This still makes her a "landowner" for purposes of the EFC, to the extent the property involved can somehow be connected to the EFC. In terms of material facts alleged or those that are glaringly missing, the EFC fails to identify any specific property to which the EFC applies, and whether any such property is or has to be owned solely by Defendant, or can be

---

[31]    Oddly missing from the Plaintiff's Amended Complaint is the date on which the original EFC was formed, which is April 18, 2023. This date is some five (5) months before JD Crist Family LLC was formed on September 11, 2023, so the alleged failure of Defendant to disclose the existence of a then non-existing limited liability company could not have been a means to induce Plaintiff into entering into the original EFC. Further, Plaintiff does not and cannot explain how the formation of the LLC somehow induced him into signing the amended EFC where the only change was to the percentage of the payouts.

[32]    Plaintiff makes no allegations that the JD Crist Family LLC was formed specifically to deceive anyone into entering into a contract, nor how the formation of the LLC somehow changed the ability of Defendant to perform under the EFC. The only fraud Plaintiff has actually alleged is that there was no company Atlas, Inc.

owned jointly with someone else.  Next, the Amended Complaint fails to allege that the LLC was improperly formed or formed for any reason other than legitimate activities.  Lastly, Plaintiff does not allege that the property involved in the Option to Lease is somehow related or the same as the unnamed property in the EFC.  There is simply no way to know from reading Plaintiff's Amended Complaint.  No matter what, it makes no difference because the EFC expired, Plaintiff cannot enforce the contract, and because no PIC was entered, Plaintiff has no damages.[33]  Under these circumstances, there can be no fraud.

### C.  Declaratory Relief not Necessary

A federal court exercising diversity jurisdiction applies federal law in assessing whether to issue a declaratory judgment.  *LBG Ogden Five Points v. Ridley's Fam. Mkts*., 2022 U.S. Dist. LEXIS 6886 at *8 (D. Utah, Central Div. January 12, 2022)(citations omitted).  Remedies under the Declaratory Judgment Act are confined to a "case or controversy."  28 U.S.C. § 2201; *Kunkel v. Cont'l Cas. Co*., 866 F.2d 1269, 1273 (10th Cir. 1989).  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941); *Surefoot LC v. Sure Foot Corp*., 531 F.3d 1236, 1244 (10th Cir. 2008).  "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."  *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 U.S.

---

[33]    One of the two causation elements for a fraud case is that the detrimental action taken by the plaintiff must have caused his alleged damages.  *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1062 (2012).  A complete causal relationship between the fraud or deceit and the plaintiff's damages is required to maintain a fraud cause of action.  *Williams v. Wraxall*, 33 Cal.App.4th 120, 132 (1995).

237, 244 (1952). "In a justiciable declaratory judgment action, there is generally a clearly defined and ongoing dispute about a claimed legal obligation at the time the case is brought, and a declaratory judgment has the immediate practical effect of guiding the parties' behavior and preventing further adversarial proceedings." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *9 (citations omitted).

Even if the court determines a justiciable controversy exists, jurisdiction under the Declaratory Judgment Act is discretionary, not mandatory. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). When a court is tasked with evaluating a justiciability challenge to a declaratory judgment action, there are two steps. *Kunkel*, 866 F.2d at 1273. "First, the court determines whether the factual allegations of the complaint show a justiciable controversy supporting jurisdiction." *LBG Ogden*, 2022 U.S. Dist. LEXIS at **10-11, citing *Kunkel*, 866 F.2d at 1273; *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). "If jurisdiction is lacking, the court cannot hear the case." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *11. Second, if jurisdiction is determined to exist, the court must go on to make a fact-specific determination as to whether it should forego the exercise of jurisdiction. *Id*., citing *Surefoot,* 531 F.3d at 1240; *Kunkel*, 866 F.2d at 1273.

Courts have routinely held that a party lacks standing to bring a declaratory judgment action for the purpose of having a court assess rights and obligations under a contract when that individual or entity is not a party or third-party beneficiary to the contract. *Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough, PC*, 2016 U.S. Dist. LEXIS 19220 at **11-16, **21-22 (D. Utah, Central Div. February 17, 2016)(declaratory judgment action dismissed with prejudice because individual bringing claim was not a party or third-party beneficiary to the contracts); *Evans v. Sirius Computer Sols., Inc*., 2012 U.S. Dist. LEXIS 61552 at **4-6 (D. Ore. May 1,

2012)(no standing if not a party or third-party beneficiary to the contract); *Tri-State Generation & Trans. Ass'n, Inc. v. BNSF Ry. Co.*, 2008 U.S. Dist. LEXIS 121415 at **5-10 (D. Ariz. June 17, 2008); *Am. Water Works Co. v. Util. Workers Local 537*, 2013 U.S. Dist. 153801 at **2-3 (W.D. Pa. Oct. 25, 2013)(plaintiff lacked prudential standing to bring declaratory judgment action when he was not a party or third-party beneficiary to the contract). Here, because Plaintiff is not a party or third-party beneficiary to the contract between Atlas, Inc. and Defendant, his declaratory judgment action should be dismissed. *Id.* Additionally, because there is no breach of contract, no fraud, and no PIC, there is nothing for the Court to declare other than the case should be dismissed.

WHEREFORE, PREMISED CONSIDERED, Defendant prays that all claims against her be dismissed with prejudice, and for such other and further relief to which she may be entitled.

Respectfully submitted,

**BARNEY McKENNA & OLMSTEAD, P.C.**

By: */s/ Zachary N. Snipe*_____
M. Eric Olmstead
Zachary N. Snipe
Johnson & Associates Attorneys at Law, PLLC
*Attorneys for Defendant Sherrie Williamson*

Respectfully submitted,

**JOHNSON & ASSOCIATES ATTONERYS AT LAW, PLLC**

By: */s/ Christopher L. Johnson*_____
Christopher L. Johnson – admitted *pro hac vice*
Richard L. Gorman – admitted *pro hac vice*
*Attorneys for Defendant Sherrie Williamson*

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of February, 2025, a true and correct copy of the foregoing

motion was served on the Plaintiff *via email at clinton@atlasinc.solar*.


*/s/ Richard L. Gorman*_____