FILED
2025 MAR 7
CLERK
U.S. DISTRICT COURT

Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990
Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *See* Rule 5(d)(4).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>             Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>             Defendant | **Case No.** 4:24-cv-00096-AMA-PK<br><br>**SECOND AMENDED COMPLAINT**<br><br>*See* Rule 15(a)(1) & ECF Nos. 17 at 2 & 20<br><br>**Judge:** Hon. Ann Marie McIff Allen<br><br>**Magistrate Judge:** Paul Kohler<br><br>**<u>JURY DEMANDED</u>** |

Clinton Brown ("Plaintiff") for his Complaint against Sherrie Williamson ("Defendant"), alleges as follows:

### I. NATURE OF ACTION

1. Plaintiff seeks relief for Defendant's breach of contract involving a solar energy project in Utah, pursuant to California Civil Code §§ 1549, 1550, 3300, 3301, and 3302, resulting in substantial damages due to Defendant's failure to fulfill her payment obligations.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a). This case is a civil action, the amount in controversy exceeds $75,000, and the parties are citizens of California and Texas, respectively.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and property in Millard County, Utah, central to the case, occurred within this District.

### III. STANDING

4. Plaintiff has standing to bring this action as required by Article III of the U.S. Constitution. Plaintiff has suffered concrete financial harm due to Defendant's failure to honor the terms of their contract. Plaintiff's injury is directly caused by Defendant's actions, and this harm can be redressed by the relief requested, including but not limited to, damages with pre-judgment and post-judgment interest.

### IV. PARTIES

5. Plaintiff: Clinton Brown resides at 1431 Ocean Avenue, Unit 413, Santa Monica, California 90401.

6. Defendant: Sherrie Williamson resides at 190 E Hospital Drive, Angleton, Texas 77515. She is the owner of APN's 8729 & 8209 in Millard County, Utah, which are involved in the contract.

### V. FACTUAL ALLEGATIONS

*I. The Contract and Breach.*

7. April 18, 2023, Plaintiff and Defendant entered into an Exclusive Agreement for Finding a Power Income Contract for Landowner, under which Plaintiff, would receive 20% of all payouts from a Power Income Contract. ("PIC"). *See* Exhibit 1.

8. September 11, 2023, Plaintiff and Defendant amended the agreement, reducing Plaintiff's payout from 20% to 5% of all payouts, with all other terms remaining unchanged. *See* Exhibit 2. Thus, the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner governing the parties remained in force until September 17, 2024, as the September 11, 2023, amendment explicitly stated that all terms other than payouts remained unchanged. This included the contractual duration of "one year," which began upon Defendant's execution of the amended contract on September 17, 2023.

9. The Power Income Contract ("PIC") is the contract between the landowner and the power developer, Samsung Rooh Project LLC. *See* Exhibit 3.

10. On or around March 8, 2024, the Defendant received the Power Income Contract ("PIC") that was procured by the Plaintiff, which was ultimately reviewed and signed on or before May 10, 2024, by the Defendant. *See* Teresa Brown Decl. at 14.

11. On May 10, 2024, the PIC agreement went into effect between Samsung Rooh Project LLC and the Defendant. *See* Exhibit 3 at 1.

12. On or around May 16, 2024, Defendant received the first payout from the PIC but did not payout the 5% owed to Plaintiff under the Amended Exclusive Finding Agreement for Finding a Power Income Contract for Landowner.

13. June 18, 2024, Plaintiff sent an email to Defendant requesting the contractual payment of the 5% distribution from the Samsung Rooh Project LLC, as outlined in their amended agreement.

14. On the same day, Plaintiff sent the first invoice to Defendant, requesting payment of the 5% distribution owed from the Samsung Rooh Project LLC solar project. Over the following months, Plaintiff sent multiple demands to Defendant regarding the unpaid invoices, including, but not limited to:

- June 18, 2024, Invoice sent.
- June 28, 2024, Auto reminder sent.
- June 29, 2024, Invoice viewed.
- June 30, 2024, Reminder sent.
- July 1, 2024, Final auto reminder sent.
- August 22, 2024, Additional reminder sent.
- October 18, 2024, Final reminder sent.

15. July 1, 2024, Plaintiff formally notified Defendant of non-compliance with the contract via email and postal mail and demanded payment.

16. Defendant never disputed Plaintiff's right to receive payouts under the contract.

17. Despite repeated efforts to notify Defendant of the outstanding payment obligation and the terms of the Amended Exclusive Finding Agreement for Finding a Power Income Contract for Landowner, Defendant has failed to make the required payments.

18. Defendant cannot retroactively disclaim her payment obligations, as the contract remained in full force until September 17, 2024. The amendment did not alter the one-year term but explicitly reaffirmed it. *See* Exhibit 2. Defendant knowingly entered into the Power Income Contract ("PIC") while the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner was still active and subsequently received payouts from the Power Income Contract ("PIC"), triggering her clear contractual obligation to pay Plaintiff.

19. The Plaintiff created a one-page contract so that the parties would be fully aware of the terms, but in no way did the parties intend to disclaim common contract background principles. In fact, the one-page contract was created by the Plaintiff to avoid litigation, not create litigation. In other words, this is a very simple contract and in no universe could the parties reasonable disagree on its terms. "Superseding: THIS AGREEMENT SUPERCEDES the agreement signed on 04/18/2023 and replaces ONLY the payouts provision while all remaining terms remain the same." *See* Exhibit 2. This included "Length: Exclusive Agreement for Finding a Power Income Contract for one (1) year." *Id*. This amended version was signed on September 11, 2023, by the Plaintiff and on September 17, 2023, by the Defendant. Thus, the expiration of the date of the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner contract was September 17, 2024.

20. In any event, this was an exclusive agreement and if the Defendant, even on their own accord, procured an agreement with Samsung Rooh Project LLC prior to the expiration of the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner then the Defendant is still liable for payouts of 5% to the Plaintiff. In other words, even if the Plaintiff did not procure the Samsung Rooh Project LLC or any other PIC agreement the Defendant is still liable under the agreed contract terms to pay 5% of any signed PIC contract. This is, after all, the

very definition of how a solar energy broker operates. "Authority: This exclusive agreement authorizes [Plaintiff] to seek a Power Income Contract for the Owner to negotiate." *See* Exhibit 2.

21. The expiration of the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner contract does not terminate the Defendant's payment obligations to the Plaintiff arising from the PIC with Samsung Rooh Project LLC. "…all payouts from a signed Power Income Contract" means all payouts that derive from the Samsung Rooh Project LLC contract. All means all.

*II. The Plaintiff's Standing to Bring This Suit.*

22. Because of Defendant's refusal to pay, Plaintiff has been directly prevented from conducting his small business operations, causing a personal harm that is distinct from and not merely derivative of any corporate losses. Thus, Defendant's failure to pay Plaintiff under the contract has directly harmed Plaintiff's ability to secure future Power Income Contract ("PIC") agreements, maintain professional relationships within the industry, and sustain the operational continuity of his business.

23. Plaintiff has personal standing to bring this action because Defendant's refusal to pay has directly harmed Plaintiff as an individual, not merely as a corporate officer or shareholder. Defendant's breach has prevented Plaintiff from conducting his small business operations, causing personal financial injury and disrupting his ability to earn a living in his profession. Plaintiff's harm is distinct and independent from any alleged corporate losses, and he has suffered direct financial, reputational, and professional consequences.

24. Plaintiff personally relied on the contractual payouts to sustain himself and continue working in the solar energy broker industry. Defendant's failure to pay has caused direct financial distress, forcing Plaintiff to cover business expenses from personal funds, deplete his personal savings, and endure economic hardship unrelated to any corporate entity.

25. Plaintiff has suffered personal reputational harm within the solar energy broker industry, as his inability to secure expected payments has raised concerns among other landowners, power developers, and financial partners. This harm is not corporate in nature but directly affects

Plaintiff's own credibility and ability to enter into new contracts as an individual professional in the industry.

26. Defendant's refusal to pay has placed undue financial stress on Plaintiff as an individual, forcing him to delay personal financial obligations, deplete his personal savings, and endure significant emotional and mental strain from the uncertainty of when or if he will receive his rightful compensation. These harms are personal in nature and separate from any corporate entity, making Plaintiff's standing clear and indisputable.

27. In sum, Plaintiff has standing to bring this action as required by Article III of the U.S. Constitution. Plaintiff has suffered concrete financial harm due to Defendant's failure to honor the terms of their contract. Plaintiff's injury is directly caused by Defendant's actions, and this harm can be redressed by the relief requested, including but not limited to, damages with pre-judgment and post-judgment interest.

## VI. LEGAL CLAIM

### COUNT I: Breach of Contract

### California Civil Code §§ 3300, 3301 & 3302

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. A valid and enforceable contract existed between Plaintiff and Defendant, governed by the principles of contract formation under California Civil Code §§ 1549 & 1550.

30. Plaintiff fully performed all contractual obligations and met all conditions precedent under the Exclusive Finding Agreement for Finding a Power Income Contract for Landowner, including but not limited to securing a Power Income Contract (PIC) with Samsung Rooh Project LLC.

31. Defendant materially breached the contract by failing to make the required payments, despite having actual knowledge of her obligations and receiving substantial financial benefits under the Power Income Contract (PIC). Defendant was repeatedly notified of her

obligations and failed to cure her breach despite multiple formal demands. As a direct result, Plaintiff has suffered significant financial harm.

32. As a direct and proximate result of Defendant's breach, Plaintiff suffered monetary damages pursuant to California Civil Code §§ 3300, 3301, and 3302.

### **COUNT II: Quasi-Contract (Alternative Claim)**

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. This claim is pled in the alternative to Plaintiff's breach of contract claim. If no valid and enforceable contract exists, Plaintiff seeks relief under quasi-contract to prevent Defendant's unjust enrichment.

35. Thus, in the alternative, Defendant is liable under the equitable doctrine of unjust enrichment, which entitles Plaintiff to recover benefits conferred upon Defendant that were knowingly accepted and unjustly retained without compensation.

36. Plaintiff provided a substantial benefit to Defendant by securing the Power Income Contract ("PIC"), which directly enabled Defendant to enter into a profitable agreement.

37. Defendant accepted and retained the benefit of the Power Income Contract ("PIC") by executing the agreement and receiving financial payouts while failing to compensate Plaintiff in accordance with their contractual arrangement.

38. By retaining the benefit of the Power Income Contract (PIC) without compensating Plaintiff, Defendant has been unjustly enriched at Plaintiff's direct expense. It would be inequitable to allow Defendant to enjoy financial payouts resulting from Plaintiff's work without compensating Plaintiff for the value of those efforts.

39. Plaintiff has suffered direct financial harm due to Defendant's failure to provide compensation for the services rendered.

40. Plaintiff is entitled to restitution and disgorgement for the reasonable value of services rendered, as Defendant's retention of benefits without payment is contrary to equity, good conscience, and fundamental principles of fair dealing.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendant is obligated to pay Plaintiff under the terms of the amended contract, as governed by California law;

2. Enter judgment in favor of Plaintiff in the amount of $891,925.20, plus pre-judgment and post-judgment interest costs;

3. Issue an order pursuant to 28 U.S.C. § 1963 allowing Plaintiff to register the judgment in any other Federal district court for enforcement, should Defendant fail to satisfy the judgment;

4. Grant Plaintiff any further relief deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all claims so triable.

Dated: March 7, 2025

*/s/ Clinton Brown, Self-Represented* [1]
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on March 7, 2025

---

[1] "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.