**BARNEY MCKENNA & OLMSTEAD, P.C.**
M. ERIC OLMSTEAD – 7591
ZACHARY N. SNIPE – 18548
43South 100 East, Suite 300
St. George, Utah 84770
Telephone: (435) 628-1711
Fax: (435) 628-3318
Email: eric@bmo.law
Email: sach@bmo.law
*Attorneys for Defendant Sherrie Williamson*

**JOHNSON & ASSOCIATES ATTORNEYS at LAW, PLLC**
CHRISTOPHER L. JOHNSON – *admitted pro hac vice*
RICHARD L. GORMAN – *admitted pro hac vice*
303 East Main Street, Suite 100
League City, Texas 77573
Telephone: 281-895-2410
Email:  chris@johnson-attorneys.com
Email:  richard@johnson-attorneys.com
*Attorneys for Defendant Sherrie Williamson*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>   Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>   Defendant. | **RULE 12(b)(6) MOTION TO DISMISS ALL CLAIMS**<br><br>Cause No. 4:24-cv-00096<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant seeks to dismiss Plaintiff's claims for (1) breach of contract; (2) quasi-contract, otherwise known as unjust

enrichment; and (3) declaratory relief because: (a) Plaintiff lacks the requisite standing to bring the claims; and (b) Plaintiff's Second Amended Complaint[1] fails to state a claim upon which relief can be granted,[2] since (i) the exclusive, fixed term contract expired without a Power Income Contract being formed, and (ii) there can be no claim for quasi-contract/unjust enrichment when an actual contract exists.  Lastly, because the Plaintiff lacks standing, and because there is no breach of contract or unjust enrichment, there is no need for the requested declaratory relief.  In support of her motion, Defendant respectfully shows:

## I.

## **SUMMARY OF ARGUMENT**

Plaintiff alleges claims in his Second Amended Complaint for breach of a valid and enforceable contract and, in the alternative, quasi-contract/unjust enrichment.  He also seeks a declaration that Defendant Sherrie Williamson is obligated to pay Plaintiff "payouts" under the applicable contract.  The applicable contract is entitled Exclusive Agreement for Finding a Power Income Contract for Landowner ("Exclusive Finding Contract").  A careful review of the contract attached to the Plaintiff's Complaint reveals that the contract is _only_ between Atlas, Inc. and Sherrie Williamson, as Landowner.  As expressly stated in the contract, Atlas, Inc., and not Clinton Brown: (1) is authorized to seek a Power Income Contract; (2) agrees to seek a Power Income

---

[1]  On page one of the Second Amended Complaint, Plaintiff has specifically invoked Rule 15(a)(1) for his one-time amendment as a matter of right.  He previously amended his Complaint under Rule 15(a)(2) by written consent of the Defendant.

[2]  In his latest moving target Complaint, Plaintiff abandons his prior allegations as to his own fraud, i.e., that he could sue for breach of contract because he is the alter ego of Altas, Inc.  He also abandons his fraud claim under California law against Defendant apparently conceding that he cannot plead a fraud cause of action with the requisite particularity required by Rule 9(b).  In essence, Plaintiff reverts back to his original breach of contract allegation with one twist.  He now claims, contrary to the express language of the contract amendment, that the amendment extended the expiration date of the fixed term exclusive contract, which it did not do.  It only changed the payout commission rate.

Contract in good faith; (3) will receive payouts as outlined in the agreement; and (4) agrees to protect private information. The agreement is signed by Clinton Brown <u>solely</u> in the capacity as CEO of Atlas, Inc.

Clinton Brown, individually, is not a signatory to the contract, nor is he stated as being a party to the contract. As a non-party to the contract, Clinton Brown does not have standing to sue on the contract. Further, under California law, the law chosen to apply to the contract, Plaintiff cannot enforce the contract as a third-party beneficiary because the contract does not expressly state a clear intention in writing that confers a separate and distinct benefit on Clinton Brown in an individual capacity. Additionally, Plaintiff has no cause of action for breach of contract because: (1) the one-year fixed term contract terminated at expiration,[3] and (2) no Power Income Contract, as that term is defined, was presented to or signed by Defendant within the contract's fixed term, and none has been signed.

Under California law, the law that applies under the contractual terms, Plaintiff has no claim for quasi-contract/unjust enrichment because he has alleged the existence of a valid and enforceable contract. Simply put, recovery in quasi-contract is not available where there is an express contract covering the subject matter of the litigation. The issue is not whether a plaintiff has a breach of contract claim, but whether an enforceable contract exists that provides the possibility of a remedy.

Lastly, as a non-party to the contract, and as an individual that lacks third-party beneficiary status, Plaintiff cannot seek declaratory relief because he does not have the requisite standing. The case should be dismissed with prejudice as no further amendment can cure any of the deficiencies

---

[3] Despite what Plaintiff alleges, that the term of the exclusive Finding Contract was extended by the amendment, the express terms of the amendment state that only the commission rate was altered by the amendment. All other terms remained the same.

in the Plaintiff's already twice amended pleading. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)(no leave to amend if pleading cannot be cured). The contract terminated under its own terms after one year with no Power Income Contract in place. Tellingly, Plaintiff asserts that a document entitled "Option to Lease," that contains no right to produce electric power on Landowner's property, is a Power Income contract, even though Power Income Contract is defined in the Exclusive Finding Contract as '[a] land lease agreement between the Landowner and a Power Producer **to produce electric power on Landowner's property**." (emphasis added).

## II.

## FACTUAL BACKGROUND

The contract Plaintiff seeks to enforce is titled "Exclusive Agreement for Finding a Power Income Contract for Landowner" (herein "Exclusive Finding Contract" or "EFC"). [Dkt. Nos. 22-1 and 22-2]. This EFC between Atlas, Inc. and Defendant[4] is a fixed term employment contract, like an exclusive real estate listing agreement, for Atlas, Inc. to find a Power Income Contract for Defendant Sherrie Williamson to sign within one-year term from April 18, 2023. The commission under the amended EFC that the Plaintiff seeks to recover is based upon five percent (5%) of all payouts from a signed Power Income Contract. "Power Income Contract," or PIC, is defined as

---

[4] The top of the document states "ATLAS," and then states "Clinton Brown, CEO." Contracting Persons are "Atlas, Inc. ("Atlas") and Landowner ("Owner")." The authority section states that the exclusive agreement "authorizes Atlas to seek a Power Income Contract for the owner to negotiate." Under duties, "Atlas, in good faith, is to seek a Power Income Contract for the landowner to review, and if acceptable, sign." Under payouts, "Atlas" was to receive 20% (amended to 5%) of all payouts from a signed Power Income Contract. Under privacy, "Atlas agreed to protect private information." Lastly, the exclusive agreement is signed by Clinton Brown, CEO [*See* Dkt. No. 22-1].

The amended EFC is Dkt. No. 22-2. The only change is to reduce the payout to Atlas from 20% of all payouts to 5% of all payouts. The amended agreement expressly states that the amendment ONLY supersedes the prior agreement in regard to the payouts provision, with all other terms to remain the same. The amendment again is signed for Atlas, Inc. by Clinton Brown, CEO.

"[a] **land lease agreement** between the Landowner [Sherrie Williamson], and a Power Producer to **produce electric power** on Landowner's property." (emphasis added).[5] Under California law, and as a matter of factual timing, the contract terminated on its expiration date of April 18, 2024. On May 10, 2024, some twenty-two (22) days after the EFC terminated by expiration, an Option to Lease contract, and not a PIC, was entered into between Rooh Hybrid Solar, LLC and JD Crist Family LLC. [Dkt. No. 22-3]. This Option to Lease, which is not a PIC, was signed by Jung Woo Kim on behalf of Rooh Hybrid Solar, LLC, and by the two members of JD Family Crist LLC, Sherrie and Richard Williamson. [*Id*. at p. 14].

## III.

## **STANDARD OF REVIEW**

A court should grant a motion to dismiss under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). A plaintiff must provide

---

[5] In his Amended Complaint, Plaintiff referred to the amended EFC as a PIC. The EFC is not a PIC, but an agreement to find a PIC. Now, in his Second Amended Complaint, Plaintiff says that the Option to Lease is the PIC, but it is not a PIC because there is no right to produce electricity in the Option to Lease, which is the biggest requirement for the document to fit the definition of a PIC. Consequently, no PIC is attached to the Plaintiff's Second Amended Complaint. Certainly, given that this is Plaintiff's third attempt to plead a viable cause of action, and the same documents are attached to the current Complaint as were attached on the prior two occasions, no further amendment will be able to correct the pleading deficiency that no PIC exists to support a breach of contract claim for contractual payouts.

facts that support his claim, which requires more than simply an unadorned, the plaintiff unlawfully harmed me, accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that simply offers labels and conclusions, naked assertions devoid of factual enhancement, or a formulaic recitation of the elements of a cause of action, does not work. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Generally, a court considers only the contents of a complaint when ruling on a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, "a court may look both to the complaint itself and to any documents attached as exhibits to the complaint" when deciding the motion. *Id*., citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Because Plaintiff has filed a *pro se* Amended Complaint, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For example, a *pro se* plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). When a *pro se* plaintiff has filed a lawsuit, a court can make allowances for the *pro se* plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nevertheless, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

## IV.

## ARGUMENT

Plaintiff amended his Original Complaint under Rule 15(a)(2) in response to Defendant's Motion to Dismiss the Original Complaint. To attempt to manufacture standing in that Complaint, Plaintiff made allegations that he could sue for breach of contract because he is the alter ego of Atlas, Inc. Plaintiff also added claims against the Defendant for fraud.

Defendant moved to dismiss the Amended Complaint. Plaintiff again amended his Complaint, this time under Rule 15(a)(1). The Second Amended Complaint abandons both the alter ego allegation, and the fraud claim against the Defendant. Continuing his game of three card monte, Plaintiff now incorrectly asserts for the first time: (1) the expiration date of the fixed term contract changed when the Exclusive Finding Agreement was amended, and (2) the Option to Lease is a Power Income Contract. As was the case previously, Plaintiff's change of direction to attempt to plead a viable cause of action fails.

Plaintiff does not have standing as a party or third-party beneficiary to assert a breach of contract action. Further, there is no PIC and thus there can be no breach of contract. Lastly, there can be no quasi-contract action under California law (or Utah law) because Plaintiff has pleaded the existence of a valid and enforceable contract written contract that governs the subject matter in suit. Because (1) Plaintiff's Second Amended Complaint fails to allege a cause of action for breach of contract; (2) Plaintiff lacks standing; and (3) there is no claim for quasi-contract because there is an existing contract governing the subject matter in suit, there is nothing for the Court to declare.

**A. No Breach of Contract**.

Plaintiff attaches to his Second Amended Complaint what he claims is the original and amended contract[6] he had with Defendant. The one-year, fixed term contract, dated April 18, 2023, and amended solely as to the commission percentages on September 11 and 17, 2023, is the written contract upon which Plaintiff is suing. He specifically alleges the contract is valid and enforceable. This original and amended contract are titled "Exclusive Agreement for Finding a Power Income Contract for Landowner." "Power Income Contract" is expressly defined therein as: "[a] **land lease agreement** between the Landowner and a Power Producer to **produce electric power** on Landowner's property." (emphasis added). Plaintiff also attaches what he claims is the PIC that allows him to collect the payouts provided for in the EFC between Atlas, Inc. and Defendant.

The document that Plaintiff claims is a PIC is titled "Option to Lease Agreement" ("OLA"). A reading of the OLA establishes that the lease option is merely what it says it is, an option to lease the property, or maybe even an option to enter into a PIC. What the OLA is not is a PIC, or "land lease agreement … to produce electric power." The OLA provides for no such electric power production, so there is no obligation for Defendant to make any payouts to Plaintiff or Atlas, Inc. under the EFC. Simply put, because the required, expressly stated duties found in the EFC[7] were not performed within the one-year contract term, there can be no breach of the contract by Defendant for failing to pay payouts on electric power that was never produced under a PIC. This is true because the OLA does not allow for production of electric power. Further, because Plaintiff's Second Amended Complaint does not allege that there was or has been any electric power produced calling for payouts under the EFC, Plaintiff has no damages for unpaid payouts,

---

[6] The amended version of the contract <u>only</u> changed the commission rate from 20% to 5%.
[7] The EFC states under Duties: "[i]n good faith, Atlas will seek a Power Income Contract, and the Owner will review and, if acceptable, sign the contract."

even assuming the contract was breached, which it was not.[8] For these reasons, Plaintiff's breach of contract claim fails to state a claim for relief and should be dismissed with prejudice, as the shortcomings of the Complaint cannot be rectified. *Bly-Magee*, 236 F.3d at 1019.

Additionally, the one-year, fixed term EFC, that Plaintiff alleges entitles him to collect commissions from Defendant, expired by its own terms on April 18, 2024. The agreement Plaintiff asserts is a PIC, that is actually an "Option to Lease Agreement," is dated May 10, 2024, some twenty-two (22) days after the EFC expired. Under California law, a fixed term agreement for employment, like an exclusive real estate listing or an EFC, terminates at the end of the term with no lasting force and effect.[9] Because the OLA was signed after the EFC terminated by expiration, and because the OLA is not a PIC, as that term is defined in the EFC, Plaintiff has failed to state a cause of action for relief. In fact, the opposite is true, the Second Amended Complaint establishes that Plaintiff has no breach of contract cause of action because the EFC expired before the OLA was entered, and because the OLA is by definition not a PIC.

---

[8]  Under California law, the elements of breach of contract are: (1) the existence of a contract; (2) a plaintiff's performance or excuse for nonperformance; (3) a defendant's breach; and (4) damages to the plaintiff. *Stewart v. Life Ins. Co. of North Am.*, 388 F.Supp.2d 1138, 1140 (E.D. Cal. 2005), citing *First Comm. Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). Here, there is no performance by Plaintiff, no breach of contract, and because there is no PIC, no damages, so Plaintiff's breach of contract claim, as alleged, fails and must be dismissed.

[9]  Section 2920 of the California Labor Code provides in pertinent part: "[e]very employment is terminated by any of the following: (a) [e]xpiration of its appointed term…." *Daly v. Exxon Corp.*, 55 Cal.App.4th 39, 45 (1997)(fixed term contract terminates at expiration; employee estopped from claiming any contract other than the one for the fixed term); *Kern v. Univ. of Southern Cal.*, 2005 WL 3539792 at *4 (Ca. App. Dec. 28, 2005)(section 2920(a) of Labor Code is a self-terminating provision).

### B. Plaintiff Lacks Standing[10]

As has been outlined in detail above, the claimed contract at issue in Plaintiff's Second Amended Complaint is between Atlas, Inc. and Defendant, as landowner. Plaintiff's only involvement in the contract is signing the agreement <u>solely</u> in his stated capacity as CEO of Atlas, Inc. He is not a named party in the contract, nor did he sign the agreement in his individual capacity. Consequently, Plaintiff, as a non-party to the contract, does not have the requisite standing to bring a lawsuit for breach of contract or declaratory relief in his name. Further, under the facts pleaded in the Second Amended Complaint, and more specifically, in the actual contract documents attached to the Second Amended Complaint, Plaintiff, under California law, is not a third-party beneficiary to the contract that would allow him to continue to pursue a breach of contract claim and seek declaratory relief as a third-party beneficiary. Each of the foregoing issues is discussed below in detail.

In an attempt to circumvent the arguments made in Defendant's second motion to dismiss, Plaintiff now alleges, as he did initially, that he had a contract with the Defendant. This argument, like the old ones, fails because: (1) the contract, by its express terms, was entered into solely by Atlas, Inc. and Defendant; and (2) Plaintiff signed the contract solely in the capacity as Chief Executive Officer ("CEO") of the company, and not in an individual capacity.

Despite the constantly moving target, this action still must be dismissed because Plaintiff lacks prudential standing to bring the claims he asserts against Defendant.[11] Plaintiff lacks

---

[10] The standing issue here is prudential standing, which is analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) of the Federal Rules of Civil Procedure because prudential standing "does not implicate subject-matter jurisdiction." *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229-30 (10th Cir. 2021); *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017).

[11] Standing can be used to describe either: (1) Article III standing, or a court's power to hear a case; or (2) prudential standing, which are judicial limits imposed by the Supreme Court on a court's exercise of its power. *Wilderness Soc'y v. Kane Cnty. Utah*, 632 F.3d 1162, 1168 (10th Cir.

standing because the contract attached to Plaintiff's Second Amended Complaint establishes that he is not a party to the contract.[12] The contracting party is Atlas, Inc. because: (1) Atlas, Inc. is expressly stated as a party to the contract; and (2) Plaintiff signed the CEO of Atlas, Inc.; and (3) Plaintiff did not sign the contract in his individual capacity.

Importantly here, the prudential standing doctrine mandates that a plaintiff can only assert his own legal rights and interests. As such, the doctrine prevents a plaintiff from "rest[ing] his claim to relief on the legal rights or interests of third parties." *Wilderness Soc'y*, 632 F.3d at 1168, quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975). When a plaintiff lacks prudential standing, a court has no choice but to dismiss the action. *Id*. at 1170-74 (case remanded for dismissal for lack of prudential standing). Signing a contract or performing actions on behalf of a corporation is not enough of a direct and personal interest to provide a plaintiff with prudential standing. *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013). Because the ECF attached to Plaintiff's Second Amended Complaint establishes that Plaintiff is not a party to the contract sued upon, the action must be dismissed for Plaintiff's lack of prudential standing. *Wilderness Soc'y*, 632 F.3d at 1168; *see also Webster v. Saia LTL Freight*, 2024 U.S. Dist. LEXIS 56574 at **2-4 (D. Utah, Central Div. March 7, 2024)(plaintiff lacked prudential standing because he was not a party to the contract sued upon)(citing cases).

---

2011). In the Tenth Circuit, a court need not reach the question of constitutional standing if it finds the plaintiff lacks prudential standing. *VR Acquisitions, LLC*, 853 F.3d at 1146, n. 3; *Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006).

[12]  The general rule in both California and Utah is that an individual or entity that is not a party to a contract may not sue to enforce the terms of the contract. *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566, 284 Cal. Rptr. 188 (1991); *Windham at Carmel Mountain Ranch Assn. v. Superior Ct.*, (2003) 109 Cal.App.4th 1162, 1172 n. 10, 135 Cal.Rptr. 834; *Novelposter v. Javitch Canfield Group*, 2014 U.S. Dist. LEXIS 156268 at **18-19 (N.D. Cal. Nov. 4, 2014)(discussing cases)(California); *Holmes Dev., LLC v. Cook*, 2002 UT 38, 48 P.3d 895, 908 (Utah 2002); *Premier Sleep Sols., LLC v. Sound Sleep Med., LLC*, 2021 U.S. Dist. LEXIS 63002 at **29-30 (D. Utah March 30, 2021)(Utah).

### i.    Plaintiff is not a Third-Party Beneficiary.

Because Plaintiff is not a party to the contract, the only remaining way for Plaintiff to maintain a lawsuit on the contract is if he can establish that he is a third-party beneficiary to the contract. As will be discussed in detail below, Plaintiff is not a third-party beneficiary to the contract, so he lacks standing to bring a third-party beneficiary lawsuit.[13] Because Plaintiff is not a party or third-party beneficiary to the contract, his claims against Defendant must be dismissed.

Third-party beneficiary status requires a plaintiff to allege a personal stake in the outcome of a controversy to warrant his invocation of federal court jurisdiction, and thus justify the exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In other words, "[s]tanding addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In California, a third-party beneficiary may enforce a contract "made expressly for its benefit." Cal. Civ. Code § 1559; *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 524, 117 Cal.Rptr.2d 220, 41 P.3d 46 (2002).[14] In order to bring a lawsuit as a third-party beneficiary in California, the individual asserting third-party status must establish: (1) that he is likely to benefit from the contract; (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party; and (3) that permitting the third-party to bring its own breach of contract action against a

---

[13]   In a diversity case, which is Plaintiff's alleged basis of jurisdiction here, his third-party beneficiary status is determined by looking to the law of the state which applies to the case. *Bevill Co. v. Sprint/United Mgmt. Co.*, 77 Fed. Appx. 461, 462 (10th Cir. 2003). Here, the claimed agreement at issue has a choice of law provision calling for the application of California law. For this reason, California cases (state and federal), in addition to those from the United States Supreme Court, are being cited here to address the standing issue.

[14]   "The standard to achieve third party beneficiary status is a high one." *Stasi v. Immediata Health Grp. Corp.*, 501 F.Supp.3d 898, 920 (S.D. Cal. 2020).

contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. *See, e.g. Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022), citing *Goonewardene v. ADP, LLC*, 6 Cal.5th 817, 830, 243 Cal.Rptr. 299, 434 P.3d 124 (2019). "All three (3) elements must be satisfied to permit the third-party action to go forward." *Goonewardene*, 6 Cal.5th at 830. Since Plaintiff cannot satisfy all three (3) elements,[15] his lawsuit must be dismissed because he cannot enforce the contract as a third-party beneficiary.[16]

Under the first prong of the *Goonewardene* test, a third party must establish that he likely in fact would benefit from the contract. 6 Cal.5th at 830. It is not enough that the third party only incidentally or remotely benefit from the contract. *Id*. Here, the EFC attached to Plaintiff's Second Amended Complaint states that the 5% commission is to be paid to Atlas, Inc. While this may incidentally benefit Plaintiff as the stated CEO of Atlas, Inc., that incidental benefit is not enough of a benefit to him to satisfy prong one of the *Goonewardene* test.[17] *Ngo*, 23 F.4th at 946-47; *Ralls v. BMW of N. Am., LLC*, 2023 U.S. Dist. LEXIS 141905 at *6 (C.D. Cal. August 14, 2023).

---

[15] Even assuming the alter ego allegations satisfy the first prong of the test, Plaintiff still cannot satisfy the other two prongs.

[16] "Although disputes regarding purported third-party beneficiaries may in some circumstances be questions of fact, dismissal at the pleading stage is appropriate where it is clear from the terms of the contract and the circumstances alleged in the complaint that the plaintiff [is] not a third-party beneficiary." *City of Oakland v. Oakland Raiders*, 2019 U.S. Dist. LEXIS 124465, 2019 WL 3344624 at *44 (N.D. Cal. July 25, 2019); *Partners All. Corp. v. Ally Bank*, 2024 U.S. Dist. LEXIS 195653 at *13 (S.D. Cal. October 28, 2024).

[17] Third parties that benefit from the contract only incidentally or remotely may not enforce it. *LaBarbera v. Sec. Nat. Ins. Co.*, (2022) 86 Cal.App. 5th 1329, 1340-41, 303 Cal.Rptr. 256, 265, citing *Harper v. Wausau Ins. Co*., 1997) 56 Cal.App.4th 1079, 1086, 66 Cal.Rptr. 2d 64. "The fact that [the third party] is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions." *LaBarbera*, 86 Cal.App.5th at 1341, quoting *Eastern Aviation Group, Inc. v. Airborne Express, Inc*. (1992) 6 Cal.App.4th 1448, 1452, 8 Cal.Rptr. 2d 355.

Under the second prong of the *Goonewardene* test, a motivating purpose of the contracting parties must be to provide a benefit to the third party--in this case, Plaintiff.  6 Cal. 5th at 830.[18] The short and succinct ECF attached to Plaintiff's Amended Complaint conveys no such motivation.  The motivating purpose of the agreement is to pay a 5% commission to Atas, Inc., and not to the Plaintiff.  Accordingly, prong two of the *Goonewardene* test is not satisfied.  *Ngo*, 23 F.4th at 946-47; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at *6.

Under the third prong of the *Goonewardene* test, permitting the third party to enforce the contract must be consistent with the objectives of the contract and the reasonable expectations of the contracting parties.  *Goonewardene*, 6 Ca. 5th at 830.  For a court to make this determination, it should focus on the language of the contract and all the relevant circumstances under which the contract was entered into to determine if third party enforcement will effectuate the contracting parties' performance objectives.  *Id*. at 830-31.  Here, nothing in the ECF manifests any objective or expectation that the contract provisions apply to any third party, nonetheless Plaintiff.  Atlas, Inc. is the <u>only</u> named party on the contract with Defendant.  Plaintiff is not named on the contract, and he signed the ECF <u>only</u> in his capacity as CEO of Atlas, Inc.  The authority section of the ECF states that the exclusive agreement authorizes <u>only</u> Atlas to seek a PIC for the owner to negotiate.  Under the duties section of the contract, <u>only</u> Atlas, Inc., in good faith, is to seek a PIC for the landowner to review, and if acceptable, sign.  Under payouts, <u>only</u> Atlas, Inc., and not Plaintiff, is to receive 5% of all payouts from a signed PIC.  In terms of privacy, <u>only</u> Atlas, Inc. is the party that has agreed to protect private information.  Because the ECF attached to Plaintiff's Amended

---

[18] The phrase "motivating purpose" was intended to "clarify that contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract."  *Goonewardene*, 6 Cal.5th at 830; *see also Ngo*, 23 F.4th at 947.

Complaint speaks <u>solely</u> to the rights and obligations of Atlas, Inc., the only reasonable expectation is that the contract is for the benefit of Atlas, Inc. For this reason, Plaintiff cannot satisfy the third prong of the *Goonewardene* test. 6 CA. 5th at 830; *see also Ngo*, 23 F.4th at 948-49; *Ralls*, 2023 U.S. Dist. LEXIS 141905 at **6-8.

Because Plaintiff cannot satisfy all three (3) prongs from the *Goonewardene* test, he cannot establish third-party beneficiary status under California law, and his claim against Defendant must be dismissed. *See, e.g. Sherman v. Pepperidge Farm, Inc*., 2023 U.S. Dist. LEXIS 75684 at **8-12 (C.D. Cal. April 28, 2023)(dismissal warranted where plaintiff failed to meet any of the three (3) *Goonewardene* factors); *City of Oakland*, 2019 U.S. Dist. LEXIS 124465 at ** 43-52 (same).[19]

### C. No Unjust Enrichment Claim Exists

Plaintiff, in his Second Amended Complaint, added a claim for quasi-contract, otherwise known as unjust enrichment. He makes this allegation in the alternative, and to the extent no valid and enforceable contract exists. Because no such claim is available, this Claim must be dismissed.

"Unjust enrichment is an action in quasi-contract, which does not lie where an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elect. Cap. Corp*., 96 F.3d 1151, 1167 (9th Cir. 1996); *Lance Camper Mfg. Corp. v. Republic Indem. Co*., 44 Cal.App.3d 1151, 1167 (1996). As such, a party alleging the existence of a written contract in a quasi-contract claim "must allege that the express contract is void or was rescinded" to proceed with the quasi-contract claim. *Lance Camper*, 44 Cal.App.3d at 203; *Schulz v. Cisco Webex, LLC*,

---

[19] The result would be the same under Utah law. *See, e.g. CounselNow, LLC v. Deluxe Small Bus. Sales Inc*., 430 F.Supp.3d 1247, 1256-57 (D. Utah 2019)(dismissal appropriate where plaintiff was not a party to the contract, where the contract was not undertaken for the direct benefit of the third party, and where the contract did not express a clear intention to confer a separate and distinct benefit to the third party).

2014 WL 2115169 at *5 (N.D. Cal. May 20, 2014) ("plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time"). [20]

Plaintiff alleges the existence of a valid and enforceable contract. He has not alleged that the contract was void or rescinded. Consequently, Plaintiff is precluded by law from asserting a claim for quasi-contract, mandating the dismissal of the quasi-contract claim. *Id.*

### D. Declaratory Relief not Necessary

A federal court exercising diversity jurisdiction applies federal law in assessing whether to issue a declaratory judgment. *LBG Ogden Five Points v. Ridley's Fam. Mkts.*, 2022 U.S. Dist. LEXIS 6886 at *8 (D. Utah, Central Div. January 12, 2022)(citations omitted). Remedies under the Declaratory Judgment Act are confined to a "case or controversy." 28 U.S.C. § 2201; *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1244 (10th Cir. 2008). "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 244 (1952). "In a justiciable declaratory judgment action, there is generally a clearly defined and ongoing dispute about a claimed legal obligation at the time the case is brought, and a

---

[20] The result is no different under Utah law. *Mann v. Am. Western Life Ins. Co.*, 586 P.2d 461, 465 (Utah 1978); *American Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996); *Anapoell v. American Express Bus. Fin. Corp.*, 2007 WL 4270548 at **5-6 (D. Utah Nov. 30, 2007)(issue is not whether the plaintiff has a valid breach of contract claim, but whether an enforceable contract exists that provides the possibility of a legal remedy).

declaratory judgment has the immediate practical effect of guiding the parties' behavior and preventing further adversarial proceedings." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *9 (citations omitted).

Even if the court determines a justiciable controversy exists, jurisdiction under the Declaratory Judgment Act is discretionary, not mandatory. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). When a court is tasked with evaluating a justiciability challenge to a declaratory judgment action, there are two steps. *Kunkel*, 866 F.2d at 1273. "First, the court determines whether the factual allegations of the complaint show a justiciable controversy supporting jurisdiction." *LBG Ogden*, 2022 U.S. Dist. LEXIS at **10-11, citing *Kunkel*, 866 F.2d at 1273; *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). "If jurisdiction is lacking, the court cannot hear the case." *LBG Ogden*, 2022 U.S. Dist. LEXIS at *11. Second, if jurisdiction is determined to exist, the court must go on to make a fact-specific determination as to whether it should forego the exercise of jurisdiction. *Id.*, citing *Surefoot,* 531 F.3d at 1240; *Kunkel*, 866 F.2d at 1273.

Courts have routinely held that a party lacks standing to bring a declaratory judgment action for the purpose of having a court assess rights and obligations under a contract when that individual or entity is not a party or third-party beneficiary to the contract. *Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough, PC*, 2016 U.S. Dist. LEXIS 19220 at **11-16, **21-22 (D. Utah, Central Div. February 17, 2016)(declaratory judgment action dismissed with prejudice because individual bringing claim was not a party or third-party beneficiary to the contracts); *Evans v. Sirius Computer Sols., Inc.*, 2012 U.S. Dist. LEXIS 61552 at **4-6 (D. Ore. May 1, 2012)(no standing if not a party or third-party beneficiary to the contract); *Tri-State Generation & Trans. Ass'n, Inc. v. BNSF Ry. Co.*, 2008 U.S. Dist. LEXIS 121415 at **5-10 (D. Ariz. June 17,

2008); *Am. Water Works Co. v. Util. Workers Local 537*, 2013 U.S. Dist. 153801 at \*\*2-3 (W.D. Pa. Oct. 25, 2013)(plaintiff lacked prudential standing to bring declaratory judgment action when he was not a party or third-party beneficiary to the contract). Here, because Plaintiff is not a party or third-party beneficiary to the contract between Atlas, Inc. and Defendant, his declaratory judgment action should be dismissed. *Id*. Additionally, because there is no breach of contract, and there can be no claim for quasi-contract, there is nothing for the Court to declare other than the case should be dismissed.

WHEREFORE, PREMISED CONSIDERED, Defendant prays that all claims against her be dismissed with prejudice, and for such other and further relief to which she may be entitled.

Respectfully submitted,

**BARNEY McKENNA & OLMSTEAD, P.C.**

By: */s/ Zachary N. Snipe*
M. Eric Olmstead
Zachary N. Snipe
Johnson & Associates Attorneys at Law, PLLC
*Attorneys for Defendant Sherrie Williamson*


Respectfully submitted,

**JOHNSON & ASSOCIATES ATTONERYS AT LAW, PLLC**

By: */s/ Christopher L. Johnson*
Christopher L. Johnson – admitted *pro hac vice*
Richard L. Gorman – admitted *pro hac vice*
*Attorneys for Defendant Sherrie Williamson*

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of March, 2025, a true and correct copy of the foregoing motion was served on the Plaintiff *via email at clinton@atlasinc.solar*.

*/s/ Richard L. Gorman*