Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

FILED
2025 APR 3 PM 2:18
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>             Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>             Defendant | **Case No.** 4:24-cv-00096-AMA-PK<br><br>**Opposition to Motion to Dismiss**<br><br>*See* ECF No. 23<br><br>**Judge:** Hon. Ann Marie McIff Allen<br><br>**Magistrate Judge:** Paul Kohler |

**NOTICE TO THE COURT**, Defendant may cite fifty-five (55) legal authorities[1], but no amount of case law can overcome two fundamental facts: (1) she breached a contract, or (2) she retained an unjust benefit. This is not a motion for summary judgment—it is a Rule 12(b)(6) motion, which addresses only whether Plaintiff has stated a plausible claim. Plaintiff has clearly and plainly alleged facts sufficient to support claims for (1) breach of contract and (2) unjust enrichment, in the alternative. Both claims are properly pled under Rule 8, and therefore, Defendant's MTD must be DENIED.

## Relevant Facts

Plaintiff Clinton Brown entered into a valid and enforceable agreement with Defendant on April 18, 2023, titled *Exclusive Agreement for Finding a Power Income Contract for Landowner*, which entitled Plaintiff to 20% of all payouts from any resulting Power Income Contract ("PIC").

---

[1] Defendant cites a voluminous number of legal authorities in support of the Motion to Dismiss, many of which involve self-represented litigants in unrelated or distinguishable procedural contexts. While Plaintiff is also proceeding self-represented, that fact alone does not strip him of the ability to understand and apply the law. Plaintiff may not hold a law degree, but he can read, and more importantly, he has grounded his pleading in the Federal Rules of Civil Procedure, supported it with documentary evidence, and submitted it in good faith based on a reasoned understanding of the applicable legal standards. A long list of citations and rhetorical diversions cannot obscure the simple reality at the heart of this case: there was a contract, Plaintiff performed, Defendant received the benefit, and Plaintiff was not paid. It really is *that* simple.

On September 11, 2023, the parties amended the agreement to reduce the payout to 5%, while expressly stating that "all remaining terms remain the same," *including* the one-year duration of exclusivity. Defendant signed the amended agreement on September 17, 2023, making it effective through September 17, 2024. (Compl. ¶¶ 7–8, Exs. 1–2). Plaintiff thereafter facilitated the connection between Defendant and Samsung Rooh Project LLC, resulting in a signed Power Income Contract between Defendant and Samsung Rooh LLC before or on May 10, 2024. Defendant received the first payout from this contract on or around May 16, 2024, but failed to remit the 5% share owed to Plaintiff. (Compl. ¶¶ 9–12, Ex. 3). Between June 18 and October 18, 2024, Plaintiff repeatedly requested payment and issued multiple invoices. Defendant never disputed Plaintiff's right to receive 5% under the agreement and remained silent despite having received the benefit of Plaintiff's performance. (Compl. ¶¶ 13–18). Importantly, the agreement remained in effect at the time Defendant executed the PIC, and the contract terms unambiguously entitled Plaintiff to 5% of "all payouts from a signed Power Income Contract." The Defendant's failure to pay breached the express terms of the contract and unjustly enriched her at Plaintiff's expense. (Compl. ¶¶ 19–21). Defendant's breach caused concrete personal harm to Plaintiff, including the inability to operate his business, financial losses, and reputational damage. These injuries are specific to Plaintiff and not derivative of any corporate entity, making Plaintiff's standing clear under Article III. (Compl. ¶¶ 22–27). In sum, the parties entered into a valid contract. Plaintiff performed by procuring the Power Income Contract; Defendant performed by signing it and accepting its benefits—but then withheld the 5% share owed to Plaintiff, retaining the fruits of his performance without providing the agreed compensation.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) is appropriate only where the complaint fails to provide the Defendant with fair notice of a legally cognizable claim and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 8(a)(2), a Plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the Defendant fair notice of the claim and its basis. *See Conley v. Gibson*,

355 U.S. 41, 47 (1957). The plausibility standard under *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), does not require a showing of probable liability—only enough facts to permit a reasonable inference that the Defendant is liable. *Twombly*, 550 U.S. at 570. A complaint may survive dismissal "even if it appears that a recovery is very remote and unlikely." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989). When assessing a Rule 12(b)(6) motion, Courts must accept all well-pleaded factual allegations as true and view them in the light most favorable to the Plaintiff. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). The Court's role is not to weigh potential evidence but to assess the legal sufficiency of the complaint on its face. *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Allegations must be considered in the context of the entire complaint, and a claim need only "nudge[] [it] across the line from conceivable to plausible." *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (quoting *Twombly*, 550 U.S. at 570); *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024). Further, Courts may consider documents outside the four corners of the complaint on a Rule 12(b)(6) motion when the document is: (1) central to the claim, (2) referenced in the complaint, and (3) its authenticity is undisputed. *See Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1131 (10th Cir. 2024) (citing *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005)). Last, leave to amend "shall be freely given when justice so requires; this mandate is to be heeded." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## Discussion

### a. Plaintiff has standing.

At the motion to dismiss stage, Plaintiff need only plausibly allege facts showing Article III standing. The Court must accept all well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. To establish standing, Plaintiff must allege: (1) a concrete and particularized injury-in-fact; (2) that the injury is fairly traceable to the Defendant's conduct; and (3) that the injury is likely to be redressed by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "For purposes of ruling on a motion to dismiss for want

of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." See Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing Warth v. Seldin, 422 U.S. 490, 501 (1975). Plaintiff must demonstrate a "personal stake in the outcome." See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" See Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan, 504 U.S. at 560). Plaintiff has done so here by alleging direct financial harm from Defendant's failure to pay under the parties' agreement.[2] Defendant's arguments regarding standing are not rooted in the actual allegations of the Second Amended Complaint but rather rely on legal obfuscations that mischaracterize Plaintiff's factual claims. The Complaint clearly alleges a direct financial injury caused by Defendant's breach—this is textbook standing under Lujan and its progeny. Attempts to sideline this with overcomplicated third-party beneficiary doctrine or alter ego distractions are just that: distractions. At the motion to dismiss stage, these factual disputes are not grounds for dismissal. In other words, if Plaintiff—who negotiated, executed, and performed under the contract—is barred from bringing these claims, then no one can. That result would defy both common sense and basic principles of equity. Courts do not exist to shield a Defendant from accountability simply because the Plaintiff lacked a law degree. The law entitles an injured party a forum, and here, Plaintiff is the only injured party who

---

[2] Defendant's breach caused concrete personal harm to Plaintiff, including the inability to operate his business, financial losses, and reputational damage. These injuries are specific to Plaintiff and not derivative of any corporate entity, making Plaintiff's standing clear under Article III. (Compl. ¶¶ 22–27). Defendant's reliance on *Webster v. Saia LTL Freight*, 2024 U.S. Dist. LEXIS 56574, at **2–4 (D. Utah Mar. 7, 2024), is misplaced. Unlike the plaintiff in *Webster*, Plaintiff Brown has specifically alleged personal injuries and was directly involved in the operative events. Moreover, in *Webster*, the parties did not dispute standing. Here, Defendant is the only one raising the issue—and only after the facts alleged make clear why she would want the claims dismissed at the earliest possible stage, and *with prejudice* no less, as if no one should ever have standing. But a dismissal for lack of standing is jurisdictional and must be *without prejudice*. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."). In short, Defendant seeks to slam the Courthouse gates permanently—not just to this Plaintiff, but to *any* claimant—before discovery has even started. *See* ECF No. 17. That should not be how Rule 12, prudential standing or Article III works with a *plausible* pleading.

can bring his claim to a forum.[3] In sum, Plaintiff has alleged an injury-in-fact, traceable to Defendant's conduct, and redressable by this Court. That is all Article III requires. In any event, dismissal with prejudice is inappropriate, on this issue.

### b. Plaintiff States a Plausible Claim for Breach of Contract[4]

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). A breach of contract is not actionable without damages. *See Bramalea Cal., Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468, 473 (2004); *Monster, LLC v. Superior Ct.*, 12 Cal. App. 5th 1214, 1230 (2017) ("Damages are an element that must be proved to prevail on the merits of a contract claim."). Recoverable general damages must "flow directly and necessarily from a breach of contract" or be the "natural result of a breach." *See Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2004). Further, California Civil Code § 3301 bars recovery unless damages are "clearly ascertainable in both their nature and origin." Here, Plaintiff has satisfied all elements. He has alleged the existence of a valid, signed agreement under which he was to receive a 5% commission.

---

[3] Even if standing is disputed, the Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a) is not. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & nn.1, 3 (1996). Where the Court has jurisdiction and the complaint alleges a direct, personal financial injury traceable to the Defendant's conduct—as it does *here*—dismissal is appropriate only if there is a constitutional defect in standing under Article III, not a so-called "prudential" limitation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Moreover, standing challenges that turn on fact-intensive issues—such as contract formation, performance, or damages—are rarely suitable for resolution at the Rule 12(b)(6) stage. *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Defendant's motion identifies no constitutional standing defect. Instead, it advances contract-based disputes that go to the merits—precisely the kind of factual disagreements Rule 12(b)(6) does not resolve, unless the Court uses its discretion under Rule 12(d) to determine whether a material fact exists for trial. Here, the disagreement concerns nothing more than Defendant's strained view of what "one year" means under an agreement that explicitly said "all remaining terms remain the same." In other words, the agreement didn't require any party to go back and calculate the remaining days in the contract based on a superseded contract. Much like the Defendant's tendency to bring a non-existent complaint to mean something in the operative complaint, it doesn't hold up, factually or legally, *infra*.

[4] In Utah, a plaintiff bringing a breach of contract claim must establish by a preponderance of the evidence the following elements: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001), abrogated on other grounds by *Gillett v. Price*, 135 P.3d 861 (Utah 2006).

He performed by procuring the Power Income Contract (PIC), and Defendant breached by failing to pay the promised percentage from the payouts received. This breach caused direct financial harm, clearly meeting California's standard for contract damages.

California law also instructs that contract interpretation focuses on the parties' mutual intent at the time of contracting. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 989 (9th Cir. 2006) (quoting *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002)). Courts may consider extrinsic evidence to uncover latent ambiguities, even where a contract appears facially unambiguous. *See Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 391 (2006); *Morey v. Vannucci*, 64 Cal. App. 4th 904, 913 (1998). If a contract is "reasonably susceptible" to multiple interpretations, extrinsic evidence is admissible to resolve the ambiguity. *See Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 39–40 (1968); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014–15 (9th Cir. 2012). Conversely, if the Court determines no ambiguity exists, extrinsic evidence may be excluded. *See A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc.*, 852 F.2d 493, 497 n.2 (9th Cir. 1988); *Cedars–Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964, 980 (2006). Here, the only amendment to the original agreement concerned the commission rate—reducing it from 20% to 5%. The parties did not renegotiate the term or duration. Defendant now claims that the amendment impliedly shortened the contract term. But hiding a termination date in a one-page amendment about commissions—without expressly renegotiating the term—is not only implausible, but it also directly contradicts the express statement that "all remaining terms remain the same." That issue of intent is precisely the kind of factual dispute that must be resolved by a jury, not on a Rule 12(b)(6) motion. Defendant effectively asks the Court to decide whether the contractual "light was red or green." But that is the role of the trier of fact. The Rule 12(b)(6) standard does not permit this Court to resolve factual disputes or weigh competing inferences at the pleading stage. While it may be convenient for Defendant to invite the Court to act as both judge and jury, that is not how our adversarial system functions—and the law does not allow a Defendant to shortcut discovery and evade liability

through *ipse dixit* arguments masked as legal interpretation. In sum, Plaintiff has stated a clear and plausible breach of contract claim. The Court must allow the claim to proceed.

   c. **Plaintiff May Plead Unjust Enrichment in the Alternative**[5]

A claim for unjust enrichment is an equitable cause of action grounded in restitution, not contract. "A prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue." *See Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246, 250 (citing *Jeffs v. Stubbs*, 970 P.2d 1234, 1244–45 (Utah 1998)). It is black-letter law in Utah that "where an express contract covering the subject matter of the litigation exists, recovery for unjust enrichment is not available." *See U.S. Fid. v. U.S. Sports Specialty*, 2012 UT 3, ¶ 13, 270 P.3d 464, 468–69 (quoting *Selvig v. Blockbuster Enters., LC*, 2011 UT 39, ¶ 30, 266 P.3d 691, 698. However, this principle governs recovery, not pleading. Under Federal Rule of Civil Procedure 8(d)(3), a party may plead alternative and even inconsistent claims. Accordingly, "a breach of contract claim does not preclude [a plaintiff] from pleading an unjust enrichment claim in the alternative." *See Power Block Coin, L.L.C. v. Song*, 705 F. Supp. 3d 1293, 1308 (D. Utah 2023); *see also Hiatt v. Brigham Young Univ.*, 512 F. Supp. 3d 1180, 1188 (D. Utah 2021) (denying motion to dismiss unjust enrichment claim pled in the alternative to breach of implied contract). Likewise, the District of Utah recently reaffirmed that "[a]lthough Plaintiff cannot ultimately succeed on both the breach of contract and unjust enrichment claims, these claims are adequately pled in the alternative and survive dismissal." *See Black Oak Cap. BOCA v. Evans*, No. 2:24-cv-00209, ECF No. 42, at 8–9 (D. Utah Mar. 25, 2025) (mem. decision and order on motion to dismiss). Utah courts are clear that unjust enrichment is "not an action to enforce a contract but rather is a legal action in restitution." *See Davies v. Olson*, 746 P.2d 264, 269 (Utah Ct. App. 1987). It is a gap-filling equitable remedy that "is designed to

---

[5] Basic principles of contract law provide "[t]here can be no contract absent a manifestation of assent to an offer, such that an objective, reasonable person is justified in understanding that a fully enforceable contract has been made." *See Koch Indus., Inv. v. Does*, No. 2:10CV1275DAK, 2011 WL 1775765, at *9 (D. Utah May 9, 2011) (citing *Cal Wadsworth Const. v. City of St. George*, 898 P.2d 1372, 1376 (Utah 1995) and Restatement (Second) of Contracts § 19(2) (1981)).

provide an equitable remedy where one does not exist at law," and it becomes available "if a legal remedy is unavailable, such as where no express contract governs the parties' dispute." *See Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996), *abrogated on other grounds* by *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, 221 P.3d 234. Here, while Plaintiff maintains that a valid and enforceable contract exists, Defendant disputes that assertion—raising questions about contract formation, standing, and interpretation. That dispute over enforceability alone justifies pleading unjust enrichment in the alternative. Plaintiff cannot recover under both theories, but he is entitled to pursue both at this stage. In sum, his unjust enrichment claim is properly pled in the alternative and must survive Defendant's motion to dismiss.

### d. The Court Should Reject Defendant's Reliance on Superseded Complaints[6]

The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating that an amended complaint supersedes the original) Here, at ECF No. 23 at 2, n. 2, 5 n. 5, 7, *inter alia loca*, Defendant's Counsel tries to steer the Court to dead Complaints. *See Ciccolelli v. Nationwide Gen. Ins. Co.*, No. 2:23-cv-388-HCN, slip op. at 3 (D. Utah Mar. 31, 2025) (mem.) (prohibiting plaintiff from referencing prior complaint in amended complaint). Moreover, the Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's operative complaint alone is legally sufficient to state a claim for which relief may be granted. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Here, Defendant would ask the Court to weigh "evidence" by looking at a

---

[6] Plaintiff did not request discretionary declaratory relief in his Second Amended Complaint and therefore need not respond to Defendant's arguments for or against a remedy that is not at issue. Defendant's motion improperly devotes pages to addressing a phantom request for declaratory judgment, inviting the Court to rule on matters that are not pled. Motions to dismiss must respond to the allegations actually presented—not to hypothetical or imagined claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[The Court] express[es] no opinion concerning the sufficiency of respondent's complaint against the defendants who are not before us."). The Court should disregard arguments in Defendant's motion that purport to address claims or recoveries not raised in the Second Amended Complaint. Warning: The MTD is replete with this kind of malarkey.

non-existent complaint.[7] Last, the Plaintiff is the "master of his own complaint" and, as such, will prosecute this case as best as he sees fit in accord with 28 U.S.C. § 1654.[8] The Complaint speaks for itself — not only legally, but morally. It lays out a simple, enforceable agreement, Defendant's clear benefit from that agreement, and her conscious refusal to honor it. The Motion to Dismiss does not confront these facts — it evades them.

## Conclusion

Does the pleading state a claim that is *plausible* on its face? It does. "Under Rule 8, specific facts are not necessary; the statement need only give the Defendant fair notice of what the claim is and the grounds upon which it rests." *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235–36 (10th Cir. 2013). The Second Amended Complaint satisfies that standard by alleging a valid agreement, performance by Plaintiff, Defendant's breach, and resulting harm. Plaintiff has also plausibly pled an alternative claim for unjust enrichment under Utah law. Accordingly, the Motion to Dismiss should be denied, and Defendant Sherrie Williamson should answer the counts against her in this Court.[9]

---

[7] Counsel of experience should know that arguments premised on a superseded pleading carry no legal effect and risk misleading the Court. Equally, a motion to dismiss under Rule 12(b)(6) is not a motion for summary judgment; the two are governed by distinct legal standards. By relying on factual disputes and references outside the operative complaint, Defendant's Motion to Dismiss risks inviting the Court to prematurely resolve contested facts—an approach that would likely constitute reversible error. In any event, the Court retains discretion to convert a motion to dismiss into one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the Court." *See* Rule 12(d). But if the Court does so, it "must give all parties a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Plaintiff takes no position at this time on whether the Court should convert the pending motion to dismiss into a motion for summary judgment under Rule 12(d). However, should the Court exercise that discretion, Plaintiff respectfully requests the opportunity to present all pertinent materials in accordance with Rule 56. *See also, DUCivR7-1(a)(3)*.

[8] *See also*, Judiciary Act of 1789, ch. 20, § 35, 1 Stat. 73, 92 (1789).

[9] In the alternative, should the Court find any portion of the pleading deficient, Plaintiff requests leave to amend under Rule 15(a)(2).

|  | Respectfully submitted, |
|---|---|
| Dated: April 3, 2025 | */s/ Clinton Brown, Self-Represented* <br> 1431 Ocean Ave, Unit 413 <br> Santa Monica, CA 90401 <br> clinton@atlasinc.solar <br> 310-775-7990 |

CC: All Counsel of Record (via ECF) on April 3, 2025