IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>               Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>               Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 4:24-cv-00096-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on a Motion to Dismiss filed by Defendant Sherrie Williams.[1] The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that the Motion be granted and this action dismissed with prejudice.

I.  BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and the exhibits attached thereto. On April 18, 2023, Defendant entered into Exclusive Agreement for Finding a Power Income Contract for Landowner (the "Finding Agreement") with Atlas, Inc.[2] The Finding Agreement was signed by Plaintiff Clinton Brown in his capacity as CEO of Atlas.[3]

---

[1] Docket No. 23, filed March 20, 2025. The filing of Plaintiff's Second Amended Complaint and the instant Motion renders Defendant's prior motion to dismiss, Docket No. 21, moot.

[2] Docket No. 22-1, at 1.

[3] While Plaintiff alleges that he entered the Finding Agreement with Defendant, this allegation is directly contradicted by the exhibits attached to the Second Amended Complaint. As such, the Court need not accept this allegation as true. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) ("[A]lthough we accept all well-pleaded

Under the Finding Agreement, Atlas agreed to seek a power income contract ("PIC") for Williams. If a PIC was entered, the parties agreed that Atlas would receive 20% of all payouts from the contract. The parties later agreed to an amendment whereby Atlas's payout amount was reduced to 5%.[4] While the amendment states that it supersedes only the payouts provision,[5] Plaintiff contends that it also extended the term of the contract for another year.[6]

Plaintiff alleges that he procured a PIC that went into effect on May 10, 2024.[7] Plaintiff contends that he has not been properly compensated for his services.[8] Plaintiff brings claims for breach of contract and unjust enrichment. He also seeks a declaration that Defendant is obligated to pay him. Defendant seeks dismissal, as she has done twice before.[9]

## II. MOTION TO DISMISS STANDARD

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally,[10] but will not assume the role of advocate for a *pro se* litigant.[11] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6),[12] all well-pleaded

---

allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls.").

[4] Docket No. 22-2, at 1.

[5] *Id.*

[6] Docket No. 22 ¶ 8.

[7] *Id.* ¶¶ 10–11.

[8] *Id.* ¶ 17.

[9] Docket Nos. 7, 21.

[10] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] Questions of prudential standing are analyzed under Rule 12(b)(6) rather than 12(b)(1) because prudential standing "does not implicate subject-matter jurisdiction." *N. Mill St., LLC v.*

factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[13] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[14] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[18]

---

*City of Aspen*, 6 F.4th 1216, 1229–30 (10th Cir. 2021); *see also VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017) (collecting cases).

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[17] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[18] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[19] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[21]

### III.  DISCUSSION

#### A.   PRUDENTIAL STANDING

Defendant first argues that Plaintiff lacks standing because he is not a party to the Finding Agreement between Atlas and Defendant. "The Supreme Court's 'standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing which embodies self-imposed limits on the exercise of federal jurisdiction.'"[22]

"Under the prudential standing doctrine, a party may not rest its claims on the right of third parties where it cannot assert a valid right to relief of its own."[23] "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal

---

[19] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[20] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[21] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[22] *Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

[23] *Hill v. Warsewa*, 947 F.3d 1305, 1309–10 (10th Cir. 2020) (internal quotation marks and citation omitted).

rights or interests of third parties."[24] For example, under this doctrine, courts "routinely dismiss actions brought by shareholders that attempt to assert rights of the companies they own, unless the shareholders can show some personal interest in the dispute."[25] Signing a contract or performing actions on behalf of a corporation is not enough of a direct and personal interest to provide a plaintiff with prudential standing.[26]

      Here, Plaintiff's breach of contract claim is based solely on the alleged losses to Atlas, the party to the Finding Agreement. Plaintiff attempts to demonstrate prudential standing by alleging that Defendant's alleged refusal to pay has harmed his ability to conduct his business. However, this harm is derivative of Atlas's harm and not based on a direct or personal harm to Plaintiff outside of his role as CEO. All of Plaintiff's alleged personal harms flow directly from the harms allegedly inflicted on Atlas. In such circumstances, the corporation is the proper plaintiff, not the owner. Plaintiff's losses, and their accompanying effects on his business, "come about only because of [Atlas's] loss."[27] As such, Plaintiff's claims are derivative of Atlas's claims, and he fails to demonstrate a direct and personal interest sufficient to demonstrate prudential standing.[28]

---

[24] *Wilderness Soc'y*, 632 F.3d at 1168 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

[25] *Webster v. Freight*, No. 2:23-cv-00647, 2024 WL 1259396, at *2 (D. Utah Mar. 7, 2024) (citation omitted).

[26] *Niemi v. Lasshofer*, 728 F.3d 1252, 1261 (10th Cir. 2013).

[27] *Id.* at 1260.

[28] *Bixler v. Foster*, 596 F.3d 751, 758 (10th Cir. 2010) (holding that financial loss from corporation's RICO violations was derivative because it was based solely on plaintiffs' status and rights as shareholders).

5

B.  THIRD-PARTY BENEFICIARY

Though not argued by Plaintiff, a claim could be made that he, as CEO of Atlas, is a third-party beneficiary to the Finding Agreement. Under California Law, which governs the Finding Agreement,[29] a third-party beneficiary can enforce a contract made expressly for its benefit.[30] A purported third-party beneficiary must "show that (1) the third party would in fact benefit from the contract; (2) a motivating purpose of the contracting parties was to provide a benefit to the third party; and (3) permitting the third party to enforce the contract is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."[31]

As to the first element, "a third party that only incidentally or remotely benefit[s] from a contract does not meet this standard."[32] Here, the Finding Agreement was between Atlas and Williamson. While Plaintiff may have benefited because of his role of CEO, that benefit is only incidental.

"Second, the contracting parties must have had a motivating purpose of providing a benefit to the third party. The phrase motivating purpose was intended to clarify that the contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract."[33] Here, there is nothing to suggest that the contracting parties' motivating purpose was to provide Plaintiff a

---

[29] Docket No. 22-1. In this diversity action, the Court applies state law to determine the status of a third-party beneficiary. *Miree v. DeKalb Cnty.*, 433 U.S. 25, 33 (1977).

[30] Cal. Civ. Code § 1559.

[31] *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022) (internal quotation marks and citation omitted).

[32] *Id.* (alteration in original) (internal quotation marks and citations omitted).

[33] *Id.* at 947 (internal quotation marks and citations omitted).

benefit. Though Plaintiff may have ultimately received a benefit if Atlas secured a PIC, the motivating purpose of the Finding Agreement was for Atlas to secure a PIC.

> Third, permitting the third party to enforce the contract must be consistent with the objectives of the contract and the reasonable expectations of the contracting parties. To make this determination, we focus on the language of the contract and all of the relevant circumstances under which the contract was entered into to determine if third party enforcement will effectuate the contracting parties' performance objectives, namely those objectives of the *enterprise* embodied in the contract, read in light of surrounding circumstances.[34]

Nothing here indicates that allowing Plaintiff to enforce the Finding Agreement is consistent with the objectives of the contract and the expectations of the parties. Plaintiff is not a party to the contract and signed it only in his role as CEO. The Finding Agreement contemplates that Atlas, not Plaintiff, would attempt to procure a PIC and that Atlas would receive the benefit if it did so. Based upon all of this, the Court cannot conclude that Plaintiff was an intended third-party beneficiary.

C.   UNJUST ENRICHMENT

Despite the contract between Atlas and Defendant, Plaintiff argues he can plead an unjust enrichment claim in the alternative. While Fed. R. Civ. P. 8 allows for alternative pleading, "[a] plaintiff may not . . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."[35]

---

[34] *Id.* at 948 (internal quotation marks and citations omitted).

[35] *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 330 (Cal. Ct. App. 2012); *see also U.S. Fid. v. U.S. Sports Specialty*, 2012 UT 3, ¶ 13, 270 P.3d 464 ("[W]here an express contract covering the subject matter of the litigation exists, recovery for unjust enrichment is not available.")

Here, there is no dispute that there is a valid and binding contract regarding the subject matter at issue in this action. Rather, the dispute is whether Plaintiff, as opposed to Atlas, can enforce that agreement and whether the Finding Agreement has been breached. Under these circumstances, Plaintiff cannot maintain a claim for unjust enrichment, even in the alternative. Therefore, this claim is subject to dismissal.

D.  DECLARATORY RELIEF

In his Second Amended Complaint, Plaintiff seeks a declaration that Defendant is obligated to pay him under the terms of the Finding Agreement.[36] However, in his Opposition, Plaintiff clarifies that he is not asserting a claim for declaratory relief.[37] Therefore, the Court need not address Defendant's arguments on this issue.

E.  LEAVE TO AMEND

In his Opposition, Plaintiff requests leave to amend should the Court find his Second Amended Complaint deficient.[38] Ordinarily, the dismissal of a pro se plaintiff's complaint for failure to state a claim should be without prejudice unless it would be futile to permit leave to amend.[39] The Supreme Court as explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as [Rule 15] require[s], be "freely given."[40]

---

[36] Docket No. 22, at 8.

[37] Docket No. 24, at 8 n.6.

[38] *Id.* at 9 n.9.

[39] *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[40] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, multiple factors weigh in favor of dismissal with prejudice. First, Plaintiff has already amended his original complaint twice. Despite this being the third operative complaint, Plaintiff's complaint remains deficient, and those deficiencies have been repeatedly pointed out by Defendant. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial."[41] Plaintiff has used Rule 15 to make his complaints moving targets and has presented different theories in an attempt to fend off dismissal.

Second, amendment would be futile for the reasons set forth above. Simply put, Plaintiff cannot bring a breach of contract claim as he is not a party or third-party beneficiary to it. And, because there is a binding contract on the subject matter, albeit one in which Plaintiff is not a party, he cannot bring an unjust enrichment claim. Because no amendment would cure these fundamental deficiencies, further amendment would be futile.

Finally, requiring Defendant to respond to a fourth complaint would be prejudicial. For these reasons, Plaintiff's request for leave to amend should be denied.

### IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that

Defendant's Motion to Dismiss (Docket No. 23) be GRANTED;

Defendant's prior motion to dismiss (Docket No. 21) be FOUND AS MOOT; and

---

[41] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal quotation marks and citations omitted).

this action be DISMISSED WITH PREJUDICE.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17th day of April, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge