FILED
2025 APR 18 PM 1:59
CLERK
U.S. DISTRICT COURT

Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN, <br><br> Plaintiff, <br><br> v. <br><br> SHERRIE WILLIAMSON, <br><br> Defendant | **Case No.** 4:24-cv-00096-AMA-PK <br><br> **Objection to R&R** <br><br> *See* ECF No. 26 <br><br> **Judge:** Hon. Ann Marie McIff Allen <br><br> **Magistrate Judge:** Paul Kohler |

**NOTICE TO THE COURT**, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff Clinton Brown respectfully objects to the Report and Recommendation (R&R) entered on April 17, 2025, ECF No. 26, which recommends dismissal with prejudice based on alleged lack of prudential standing.

*First*, the recommendation to dismiss with prejudice is legally incorrect. A finding of lack of standing—whether constitutional or prudential—is jurisdictional and does not permit adjudication on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Because the Court concluded I lack standing to sue in my individual capacity, it cannot then enter a ruling "with prejudice." Dismissing *with* prejudice exceeds the jurisdictional authority of this Court. Full stop.

*Second*, the R&R incorrectly asserts that I was "repeatedly warned" about standing deficiencies. That is not accurate. This is the first time an Article I Judge of the Court has directly addressed the issue of prudential standing or the real party in interest under Rule 17. As a *pro se* litigant, I should have been afforded an opportunity to substitute Atlas, Inc. as the proper plaintiff. *See* Fed. R. Civ. P. 17(a)(3); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n 3. (10th Cir. 1991) (*pro se*

litigants are to be given reasonable opportunity to remedy the defects in their pleadings). In other words, what the Court did in the R&R is say, "You're not the right person to bring this case—but we're throwing you out of the Court on the merits anyway." It doesn't take much thought to see that's not how the law works.

For these reasons, I respectfully request the Court:

1. Reject the recommendation to dismiss with prejudice;
2. Either permit substitution of Atlas, Inc. under Rule 17(a)(3);
3. Dismiss *without* prejudice for lack of standing; or
4. Conduct *de novo* review of the pending Rule 12(b)(6) motion using the correct legal standard for motions to dismiss, not the summary judgment standard improperly applied by the Magistrate Judge.

Respectfully submitted,

Dated: April 18, 2025

*/s/ Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on April 18, 2025