**BARNEY MCKENNA & OLMSTEAD, P.C.**
M. ERIC OLMSTEAD – 7591
ZACHARY N. SNIPE – 18548
43 South 100 East, Suite 300
St. George, Utah 84770
Telephone: (435) 628-1711
Fax: (435) 628-3318
Email: eric@bmo.law
Email: zach@bmo.law
*Attorneys for Defendant Sherrie Williamson*

**JOHNSON & ASSOCIATES ATTORNEYS at LAW, PLLC**
CHRISTOPHER L. JOHNSON – *admitted pro hac vice*
RICHARD L. GORMAN – *admitted pro hac vice*
303 East Main Street, Suite 100
League City, Texas 77573
Telephone: 281-895-2410
Email: chris@johnson-attorneys.com
Email: richard@johnson-attorneys.com
*Attorneys for Defendant Sherrie Williamson*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>　　Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>　　Defendant. | **RESPONSE TO PLAINTIFF'S RULE 72(b)(2) OBJECTION**<br><br>Cause No. 4:24-cv-00096<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

**RESPONSE TO PLAINTIFF'S RULE 72(b)(2) OBJECTION**

　　Defendant Sherrie Williamson responds as follows to Plaintiff's Rule 72(b)(2) Objection to Magistrate Judge Kohler's Report and Recommendation signed April 17, 2025 [Dkt. No. 26]:

I.

**STANDARD OF REVIEW**

Timely objections to a magistrate judge's recommendations are reviewed *de novo* under Federal Rule of Civil Procedure 72(b). An objection is proper if it is timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir.), cert. denied, *Hobbs v. United States*, 519 U.S. 909 (1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*. Portions of a magistrate judge's recommendation that are not the subject of a specific objection may be reviewed under any standard the district court deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991). Nevertheless, according to the Advisory Committee Notes, the non-objected to portions of the recommendation are reviewed by a district court to confirm that there is "no clear error on the face of the record." Fed.R.Civ.P. 72(b), Advisory Committee Notes; *Summers*, 927 F.3d at 1167.

II.

**PLAINTIFF HAS WAIVED HIS OBJECTIONS AS NOT PREVIOUSLY ARGUED**

A party objecting to a magistrate judge's report and recommendation cannot raise issues for the first time in the objection. In other words, "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996), citing *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elect. Co.*, 84 F.2d 985, 990-91 (1st Cir. 1988) (unsuccessful party not entitled to argue issue never seasonably raised to the magistrate judge); *Borden v. Sec. of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (issues raised for the first time in objections are waived).[1] Utah district courts have applied

---

[1] As the *Borden* court stated, a party before the Magistrate must not only take "their best shot, but all of their shots." 836 F.2d at 6, quoting *Singh v. Superintending School Comm.*, 593 F.Supp. 1315, 1318 (D. Me. 1984).

2

this rule steadfastly since *Marshall* was decided. *Hanks v. Anderson*, 2023 WL 8936279 at *4, n. 63 (D. Utah Dec. 27, 2023) (court will not consider arguments presented for the first time in an objection); *Semper v. Yellen*, 2023 WL 7089715 at *1, n.4 (D. Utah Oct. 26, 2023) (relief sought in an objection beyond that requested from the magistrate judge is waived); *AVT – New York, L.P. v. Olivet Univ.*, 2022 WL 951754 at *1 (D. Utah March 30, 2022) (arguments raised for the first time in objections to the magistrate judge's recommendation are waived); *Gray v. Davis Cnty., Utah*, 2010 WL 2244387 at *2 (D. Utah June 2, 2010) (*pro se* plaintiff waived all issues in objection by failing to raise them before the magistrate judge).

Here, neither of the arguments raised by the Plaintiff in his objection were issues that were brought to the attention of Magistrate Judge Kohler by the Plaintiff in his response to the motion to dismiss. First, Plaintiff did not discuss Defendant Sherrie Williamson's[2] prudential standing argument in his response,[3] much less whether the issue of prudential standing is jurisdictional preventing a dismissal with prejudice. Second, Plaintiff did not raise or discuss the issue of real party in interest under Rule 17 of the Federal Rules of Civil Procedure. Consequently, these issues are waived and should not be considered by the District Court. *Marshall*, 75 F.3d at 1426-27.

---

[2] Magistrate Judge Kohler's Report and Recommendation refers to the Defendant as both Ms. Williams and Ms. Williamson. The correct last name is Williamson.

[3] This is why the Defendant in her reply described Plaintiff's lack of discussion of the prudential standing issue as one of several issues that were not discussed by the Plaintiff in his response. Defendant did not discuss prudential standing, but instead focused his arguments solely on Art. III standing.

### III.

### **RESPONSE TO THE PLAINTIFF'S OBJECTIONS**

Even though Plaintiff's objections are waived because neither was asserted previously to Magistrate Judge Kohler, Defendant nonetheless addresses Plaintiff's two (2) objections out of an abundance of caution, but does so without waiving her waiver objection.[4]

**A. Plaintiff's First Objection**

Plaintiff objects initially to Magistrate Judge Kohler's Report and Recommendation as legally incorrect because he claims a determination of lack of prudential standing is jurisdictional, which precludes an adjudication on the merits. [Dkt. 27 at p. 1]. Plaintiff misstates the current law as it relates to prudential standing versus Art. III standing, and which is and is not jurisdictional.[5]

Simply put, the United States Court of Appeals for the Tenth Circuit has decided that the issue of prudential standing is not jurisdictional. *Kerr v. Polis*, 930 F.3d 1190, 1194 (10th Cir. 2019)

---

[4] While Plaintiff, in his prayer, additionally seeks a review of the recommendation under the proper standards for a Rule 12(b)(6) motion, and not the summary judgment standards Plaintiff claims were used by Magistrate Judge Kohler, there is no discussion as to how or why the Magistrate Judge used the wrong standards. Magistrate Judge Kohler conducted his analysis under the standards that apply to a Rule 12(b)(6) motion to dismiss, which is the correct standards, and not the standards for a Rule 56 motion for summary judgment. Plaintiff's request in this regard therefore makes no sense.

[5] Standing is a prerequisite to a party invoking the power of the federal court system. The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute, or issues therein. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Calderón v. City and County of Denver*, 855 Fed.Appx. 438, 441 (10th Cir. 2021), quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The constitutional dimension of the afore referenced inquiry relates to Art. III standing, which is jurisdictional. This is a distinct concept from prudential standing, the lack of which in and of itself means the party lacks standing to bring suit. *Id*. Prudential standing is a judicially, self-imposed limit on a court exercising federal jurisdiction. *Calderón,* 855 Fed.Appx. at 441, citing *Hill v. Warsewa*, 947 F.3d 1305, 1309 (10th Cir. 2020). "[A] party may suffer a cognizable injury but still not possess a right to relief. Injury to a party's interest for the purposes of constitutional [Art. III] standing does not automatically confer prudential standing." *Calderón,* 855 Fed.Appx. at 441, quoting *Hill*, 947 F.3d at 1310. Here, Plaintiff lacks prudential standing, so the case must be dismissed. *Id*.

4

(prudential standing is not a jurisdictional question); *Wilderness Soc'y v. Kane Cnty. Utah*, 632 F.3d 1162, 1168, n. 1 (10th Cir. 2011)(en banc) (prudential standing is not a jurisdictional limitation and may be waived), citing *Finstuen v. Crutcher*, 496 F.3d 1139, 1147 (10th Cir. 2007); *VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142, 1147, n. 4 (10th Cir. 2017) (prudential standing is not jurisdictional). In *Kerr*, the Tenth Circuit agreed with the plaintiffs/appellants that because the issue of prudential standing is not jurisdictional, the district court erred in reviewing the issue of prudential standing under Rule 12(b)(1), which applies to the lack of subject-matter jurisdiction. 930 F.3d at 1194. Because Rule 12(b)(1) is not the proper rule to use for analyzing the question of prudential standing, the applicable rule must be Rule 12(b)(6).[6]

In *VR Acquisitions*, the Tenth Circuit, addressing a prudential standing question, stated that the Tenth Circuit assumes without deciding that it is appropriate to dismiss a complaint under Rule 12(b)(6) for failure to state a claim, rather than Rule 12(b)(1) for lack of jurisdiction, when the plaintiff lacks prudential standing. Because prudential standing is not jurisdictional,[7] other courts, and those following the Tenth Circuit's *VR Acquisitions* decision, have concluded that a dismissal with prejudice under Rule 12(b)(6) is appropriate where prudential standing is lacking. 853 F.3d at 1147, n. 4, citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (unlike constitutional standing, which is reviewed under Rule 12(b)(1), prudential standing is reviewed under Rule 12(b)(6)).[8] Given that Rule 12(b)(6), and not Rule 12(b)(1), is the correct

---

[6] Plaintiff's assertion that prudential standing is jurisdictional and prohibits an adjudication of the merits is an inaccurate statement of the law. The law is exactly the opposite. *Kerr*, 930 F.3d at 1194 (prudential standing is not a jurisdictional question); *Finstuen*, 496 F.3d at 1147 (question of prudential standing may be pretermitted in favor of an adjudication on the merits), citing *Grubbs v. Bailes*, 445 F.3d 1275, 1280-81 (10th Cir. 2006) (same).

[7] Citing *Wilderness Soc'y*, 632 F.3d at 1168, n.1.

[8] Other cases for this Court's reference are: *Advanced Exteriors, Inc. v. Allstate Veh. & Prop. Ins. Co.*, 2022 WL 3577260 at *6, n. 5 (D. Colo. Aug.19, 2022) (dismissal for lack of prudential standing is a dismissal with prejudice); *Kirkendall-Heller v. Johnson*, 2021 WL 10366016 at **2-

rule to apply to a prudential standing analysis, Magistrate Judge Kohler correctly analyzed the question before him under Rule 12(b)(6).

Because the issue of prudential standing is not jurisdiction, as the Tenth Circuit has concluded on several occasions, Plaintiff's argument that prudential standing should be analyzed as jurisdictional has no merit and must be overruled.

### B. Plaintiff's Second Objection

Plaintiff makes no cognizable objection here to allow for any meaningful response. He initially claims that Magistrate Judge Kohler's Report and Recommendation asserts that Plaintiff was "repeatedly warned about standing deficiencies." Defendant has been unable to locate any such statement in the Recommendation.

Magistrate Judge Kohler, assessing whether further amendment would be futile, does however correctly note that the Plaintiff has already amended his complaint twice. Despite Plaintiff's filing of a third complaint, titled second amended complaint, his complaint remained deficient, despite prior deficiencies being pointed out to the Plaintiff by way of Defendant's prior motions to dismiss. Judge Kohler correctly cites *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)(citations omitted) for the proposition that "courts routinely deny a motion for leave to amend where it appears that the Plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost cause by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve or trial." *Id*. Magistrate Judge Kohler then correctly applies this *Minter* standard to determine that

---

3 (W.D. Okla. July 8, 2021) (dismissal with prejudice for lack of prudential standing); *Hartnett v. Farm Serv. Agency, U.S. Dept. of Agric.*, 2018 WL 2971692 at *4 (D. Kansas June 12, 2018) (*pro se* plaintiff dismissed with prejudice for lack of prudential standing); *IHC Health Servs. v. Elap Servs., LLC*, 2019 WL 4758032 at *8 (D. Utah Sept. 30, 2019) (contractual non-party's counterclaims dismissed with prejudice for lack of prudential and constitutional standing).

any further amendment by the Plaintiff would be futile. [Dkt. 26 at pp. 8-9]. Plaintiff has not, because he cannot, point to any particular error in this analysis. Under these circumstances, Judge Kohler's recommendation of a dismissal with prejudice is warranted, as any further amendment by the Plaintiff would be futile.

As best as can be determined, the Plaintiff next makes the apparent argument that he should have been afforded an opportunity to substitute Atlas, Inc. as the proper plaintiff and real party in interest. First, Plaintiff amended his Complaint twice and did not do this. It is not up to the Court to advocate for the *pro se* plaintiff. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Next, and more importantly, this argument was never made to Magistrate Judge Kohler, so it is waived. *Marshall*, 75 F.3d at 1426-27.

The Plaintiff has failed to point out any deficiency in Magistrate Judge Kohler's Report and Recommendation. For this reason, this Court should overrule the Plaintiff's objection and adopt the Magistrate Judge's recommendation, subject only to correction of the Defendant's last name to Williamson throughout the document.

WHEREFORE, PREMISED CONSIDERED, Defendant prays that Plaintiff's objection be overruled, and for such other and further relief to which she may be entitled.

Respectfully submitted,

**BARNEY McKENNA & OLMSTEAD, P.C.**

By: */s/ Zachary N. Snipe*
M. Eric Olmstead
Zachary N. Snipe
*Attorneys for Defendant Sherrie Williamson*

[*additional signature on next page*]

Respectfully submitted,

**JOHNSON & ASSOCIATES ATTONERYS AT LAW, PLLC**

By: */s/ Christopher L. Johnson*
Christopher L. Johnson – admitted *pro hac vice*
Richard L. Gorman – admitted *pro hac vice*
*Attorneys for Defendant Sherrie Williamson*

### CERTIFICATE OF SERVICE

I certify that on this 22nd day of April, 2025, a true and correct copy of the foregoing reply was served on the Plaintiff ***via email at clinton@atlasinc.solar***.

*/s/ Richard L. Gorman*