# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHERRIE WILLIAMSON,<br><br>　　　　Defendant. | **ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:24-cv-00096<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

## INTRODUCTION

This case was referred to the Honorable Paul Kohler for a report and recommendation on Defendant Sherrie Williamson's motion to dismiss. Having reviewed Judge Kohler's report and recommendation and Plaintiff Clinton Brown's objections thereto, the Court will modify and adopt the report and recommendation for the reasons explained below.

## BACKGROUND[1]

On April 18, 2023, Defendant entered into an Exclusive Agreement for Finding a Power Income Contract for Landowner (the "Finding Agreement") with Atlas Inc.[2] Plaintiff signed the

---

[1] The factual allegations summarized here are drawn largely from Plaintiff's second amended complaint and the exhibits attached to it. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits . . . .").

[2] ECF No. 22-1 at 1. Plaintiff alleges in the second amended complaint that he is a party to the Finding Agreement, ECF No. 22 at 2, but as Judge Kohler noted, the Court is not required to assume that this assertion is true because the Finding Agreement contradicts it. *See Brokers' Choice of Am. Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) ("[A]lthough we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls.").

Finding Agreement on behalf of Atlas in his capacity as its Chief Executive Officer.[3] The Finding Agreement contemplated that Atlas would procure a power income contract ("PIC") for Defendant and, if Defendant entered into a PIC, Defendant would give Atlas 20% of the resulting payouts.[4] Defendant and Atlas later amended the Finding Agreement to lower Atlas' share of the payouts to 5%.[5]

Plaintiff, proceeding pro se, filed this action, alleging that the Finding Agreement is valid and enforceable and that when he secured a PIC and Defendant entered into it, she failed to share the payouts as required.[6] Based on these allegations, Plaintiff raises a claim for breach of contract.[7] He also raises an alternative claim for quasi-contract.[8]

In the instant motion to dismiss, Defendant argues, among other things, that Plaintiff lacks prudential standing to sue on the Finding Agreement because the contract is between Defendant and Atlas and Plaintiff is not a party or third-party beneficiary to it, and that Plaintiff cannot state a claim for quasi-contract while also alleging that the Finding Agreement is valid and enforceable.[9] This is not the first time the issue of prudential standing has come up. Defendant first raised the issue in a motion to dismiss Plaintiff's original complaint.[10] This motion was rendered moot when Plaintiff filed his first amended complaint, but that revised pleading identified the same parties as

---

[3] ECF No. 22-1 at 1.
[4] *Id.*
[5] ECF No. 22-2 at 1.
[6] ECF No. 1 at 1; ECF No. 22 at 1, 3–4, 6. *see also* ECF No. 22-3 at 1, 11.
[7] *See* ECF No. 22 at 6.
[8] ECF No. 22 at 7. Plaintiff did not raise this claim in any of his previous pleadings. *See* ECF No. 1 at 3–4; ECF No. 19 at 5–7. In addition, while Plaintiff appears to request declaratory relief in his second amended complaint, *see* ECF No. 22 at 8, he states in his opposition to Defendant's motion to dismiss that he is not seeking such relief, *see* ECF No. 24 at 8 n.6.
[9] *See* ECF No. 23 at 1, 10–16.
[10] *See* ECF No. 7 at 1, 7–11.

the original one; Atlas was not named as a party.[11] Accordingly, Defendant moved to dismiss the first amended complaint, again arguing that Plaintiff lacked prudential standing.[12] Plaintiff responded by filing a second amended complaint, which is now the operative pleading before the Court.[13] Once again, Plaintiff has named only himself and Defendant as parties.[14]

In various submissions to the Court, Plaintiff has attempted to address standing in the context of Article III of the U.S. Constitution.[15] For instance, in his second amended complaint and his response to the instant motion to dismiss, Plaintiff asserts that he has standing because Defendant's failure to make the required payments to Atlas under the Finding Agreement has caused him direct personal harm by hampering his efforts to run his business, earn a living, and maintain his professional reputation, and by inflicting related mental and emotional stress.[16] Nevertheless, these filings do not appear to address *prudential* standing.[17]

As to quasi-contract, Plaintiff acknowledges that he cannot recover for both this claim and breach of contract, but he argues that he is still permitted to plead both claims as alternatives.[18] Plaintiff also contends that if the Court dismisses the second amended complaint, it should do so without prejudice and grant him leave to file a third amended complaint.[19]

---

[11] *See* ECF No. 1 at 1–2; ECF No. 19 at 1–2; ECF No. 20 at 1.
[12] *See* ECF No. 21 at 1, 11–16. This second motion to dismiss will be denied as moot based on Plaintiff's filing of the second amended complaint.
[13] ECF No. 22 at 1.
[14] *See id.* at 1–2.
[15] *See* ECF No. 1 at 2; ECF No. 19 at 2; ECF No. 22 at 2, 5–6; ECF No. 24 at 2. Interestingly, Plaintiff seemed to allege in his first amended complaint that he is the alter ego of Atlas, but those assertions are absent from the second amended complaint. *See* ECF No. 19 at 4–5; ECF No. 22 at 5–6.
[16] *See* ECF No. 22 at 5–6; ECF No. 24 at 2–5.
[17] *See* ECF No. 22 at 5–6; ECF No. 24 at 2–5.
[18] ECF No. 24 at 7–8.
[19] *Id.* at 4 n.2, 5, 9 n.9.

Against this backdrop, Judge Kohler recommends that Defendant's motion to dismiss be granted because Plaintiff lacks prudential standing to sue on the Finding Agreement, as he is not a party or third-party beneficiary to it, and he has not stated a claim for quasi-contract, as there is no dispute that the Finding Agreement is valid.[20] Judge Kohler further recommends that the Court deny Plaintiff's request for leave to amend because Plaintiff has failed to address deficiencies in his claims despite being given multiple chances, rendering any further amendment futile.[21] Based on these conclusions, Judge Kohler recommends that this action be dismissed with prejudice.[22]

Plaintiff raises two objections to Judge Kohler's report and recommendation.[23] First, he argues that a dismissal based on prudential standing must be without prejudice.[24] Second, he contends that he should be allowed to substitute Atlas as a party under Federal Rule of Civil Procedure 17(a)(3) because he has not had sufficient opportunity to address issues of prudential standing.[25]

Defendant responds that the Court may dismiss the action with prejudice because prudential standing is a non-jurisdictional issue that is analyzed under Rule 12(b)(6) in the context of a motion to dismiss.[26] As to Plaintiff's second objection, Defendant argues that she raised the issue of prudential standing multiple times in previous motions to dismiss and that Plaintiff has had ample opportunity to substitute Atlas.[27] Defendant also contends that both of Plaintiff's

---

[20] *See* ECF No. 26 at 4–8.
[21] *Id.* at 8–9.
[22] *See id.* at 8–10.
[23] ECF No. 27 at 1–2.
[24] *Id.* at 1.
[25] *See id.* at 1–2.
[26] ECF No. 28 at 4–6.
[27] *Id.* at 6–7.

objections should be deemed waived because he did not raise them before Judge Kohler issued his report and recommendation.[28]

## APPLICABLE LAW

The Court reviews de novo any portion of a magistrate judge's report and recommendation to which a proper objection is filed. Fed. R. Civ. P. 72(b)(3). For any portion of the report and recommendation that is not objected to, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition.

The doctrine of standing has "two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing which embodies self-imposed limits on the exercise of federal jurisdiction." *Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (citation modified) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). One component of prudential standing is the idea that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"; instead, he "generally must assert his own legal rights and interests." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). In practice, this generally means that an individual may not sue to vindicate the rights of a corporate entity simply because he has an ownership interest in the company or is one of its officers. *See Niemi v. Lasshofer*, 728 F.3d 1252, 1260–61 (10th Cir. 2013) (explaining that (1) plaintiffs lacked standing as shareholders because they failed to show that their harms were "not derivative of the [company's] losses" and (2) one plaintiff's status as manager of

---

[28] *Id.* at 2–3. Defendant also submitted a proposed order to the Court via email a few months after filing her response to Plaintiff's objections. Plaintiff responded via email, objecting to the proposed order as untimely and legally incorrect. The Court overrules this objection as moot because the Court is not adopting Defendant's proposed order.

the company did not establish standing because "signing a contract or performing actions on behalf of a corporation generally isn't enough to qualify as a direct and personal interest"). In contrast to Article III standing, prudential standing "isn't jurisdictional," so courts analyze motions to dismiss for lack of prudential standing under the rubric of Rule 12(b)(6) instead of Rule 12(b)(1). *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017); *see also N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021) ("Prudential ripeness is properly analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) because it does not implicate subject matter jurisdiction."); *Grubs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006) (explaining that, unlike Article III standing, the issue of prudential standing "may be pretermitted in favor of a straightforward disposition on the merits").

Under Rule 41(b), an involuntary dismissal "operates as an adjudication on the merits" unless the order states otherwise or is grounded on "lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Fed. R. Civ. P. 41(b). Thus, while an order of dismissal under Rule 12(b)(6) may often function as a decision "on the merits," that is not always the case. *Id.* Additionally, in the context of Rule 41(b), an "adjudication on the merits" is merely one with prejudice and will not necessarily have the same degree of preclusive effect as a decision addressing the full substance of a case. *See Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 501–06 (2001).

If a plaintiff fails to prosecute an action "in the name of the real party in interest," the action may not be dismissed for that reason until the court provides "reasonable time" after an objection is raised "for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). When a complaint is dismissed under Rule 12(b)(6), it is common for the court to grant the plaintiff leave to file an amended complaint. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119,

1131 (10th Cir. 1994) ("Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1483 (2d ed. 1990)). Indeed, courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, the decision of whether to grant leave to amend is left to the district court's discretion, and certain circumstances, such as a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," may justify a denial of leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When a court dismisses a complaint and denies leave to amend, it is not required to dismiss the action with prejudice. *See Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (indicating that the decision of whether to dismiss with prejudice is within the district court's discretion); *Craft v. Null*, 543 F. App'x 778, 781 (10th Cir. 2013) (unpublished) ("We affirm the district court's dismissal without prejudice and denial of leave to amend."); *Smith v. United States*, 554 F. App'x 30, 32 n.2 (2d Cir. 2013) (unpublished) (explaining that the district court appropriately denied leave to amend but should have dismissed the action without prejudice given that its order was based on lack of personal jurisdiction). This is an important distinction because, as indicated above, a dismissal with prejudice may have some preclusive effect in future litigation. *See Semtek*, 531 U.S. at 505–06.

## ANALYSIS

As an initial matter, Plaintiff does not object to Judge Kohler's conclusions that he lacks prudential standing to sue on the Finding Agreement and cannot state a claim for quasi-contract under the present circumstances. Finding no clear error in these conclusions, the Court will adopt

them and accordingly dismiss this action. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition.

The Court's review does not end there, however, as Plaintiff's objections[29] raise questions about how the Court should characterize its dismissal. Plaintiff argues in his first objection that any dismissal based on prudential standing must be without prejudice, but the Court is not convinced. As indicated above, prudential standing is not jurisdictional, so an involuntary dismissal on that basis would not fall within the category of dismissals that must be without prejudice under Rule 41(b). *See* Fed. R. Civ. P. 41(b); *VR Acquisitions*, 853 F.3d at 1146 n.4. At the same time, the Court is sensitive to the preclusive effect that may accompany a dismissal with prejudice, *see Semtek*, 531 U.S. at 505–06, and does not want to inadvertently bar Atlas from pursuing the substance of Plaintiff's claims in a separate action.[30] Accordingly, the Court will modify the report and recommendation to the extent that it recommends dismissing the action with prejudice and will instead dismiss the action without prejudice.

Turning to Plaintiff's second objection, the Court will not permit him to substitute Atlas for himself at this point, as he has already been given ample time to make that substitution. *See* Fed. R. Civ. P. 17(a)(3). Indeed, Defendant has repeatedly alerted Plaintiff that he is the wrong

---

[29] The Court will review Plaintiff's objections de novo, as he sufficiently raised the general thrust of his objections in his opposition to Defendant's motion to dismiss by arguing that any dismissal should be without prejudice and coupled with leave to amend. *See* Fed. R. Civ. P. 72(b)(3); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); ECF No. 24 at 4 n.2, 5, 9 n.9.

[30] To be clear, the Court does not opine on what the preclusive effect of a dismissal with prejudice would be under these circumstances—that issue is not before the Court. But in the interest of elucidating its reasoning, the Court notes that Atlas and Plaintiff may potentially be "in privity" for purposes of res judicata. *Cf. Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1274, 1277 (10th Cir. 1989) (explaining res judicata and noting that "[a] director's close relationship with the corporation will generally establish privity").

party to bring this lawsuit, but he has failed to take advantage of these opportunities to substitute Atlas. Based on these repeated failures to cure obvious deficiencies in his pleadings, the Court also declines to grant Plaintiff leave to file a third amended complaint. *See Minter*, 451 F.3d at 1204; *Brever*, 40 F.3d at 1131.[31]

## CONCLUSION & ORDER

Therefore, the Court hereby ORDERS as follows:

1. Plaintiff's Objections (ECF No. 27) are SUSTAINED to the extent he objects to dismissal of the action with prejudice and otherwise OVERRULED.

2. The Report and Recommendation (ECF No. 26) is ADOPTED with the modifications specified in this order.[32]

3. Defendant's Motion to Dismiss (ECF No. 23) is GRANTED except to the extent she seeks dismissal with prejudice.

4. Defendant's other outstanding Motion to Dismiss (ECF No. 21) is DENIED AS MOOT.

5. Plaintiff's request for leave to amend is DENIED.

6. This action is DISMISSED WITHOUT PREJUDICE.

DATED this 16th day of September 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[31] While the Court will not grant Plaintiff leave to amend, Atlas may file a lawsuit of its own given that the Court is dismissing this case without prejudice.

[32] The Court notes that the report and recommendation incorrectly refers to Defendant as "Williams." *See* ECF No. 26 at 1–2. Accordingly, in addition to the modifications specified above, the Court further modifies those references so that they appropriately refer to Defendant as "Williamson." *See* 28 U.S.C. § 636(b)(1)(C).